254 P.2d 1027

BORROW et ux. v. EL DORADO LODGE, Inc. et al.

No. 5507.

Supreme Court of Arizona.

March 30, 1953.

Udall & Udall, of Tucson, for appellants.

Darnell, Robertson & Holesapple, of Tucson, for appellees.

LOCKWOOD, Superior Judge.

The original opinion of the court in this case, affirming the judgment of the lower court on both the appeal and the cross-appeal, was handed down January 26, 1953, reported in 75 Ariz. 139, 252 P.2d 791.

Thereafter appellees filed a timely motion for rehearing, based upon the following grounds:

(1) That the appellate court erred in affirming the trial court's order denying appellees' motion for a directed verdict at the close of the entire case;

(2) That the court erred in not expressly ordering a new trial on all issues;

(3) That the court erred in failing to indicate the contents of its proposed mandate as to:

A. Costs on appeal, and

B. Interest on judgment.

The first point urged is merely a reiteration of appellees' general grounds upon which the cross-appeal was based, and was adequately and thoroughly presented to the court upon the appeal. The court's opinion in that regard is unchanged.

However, since both appellees and appellants have indicated in their memoranda supporting and opposing the motion for rehearing an uncertainty as to the effect of

the court's original opinion with regard to (1) a new trial, (2) costs on appeal, and (3) interest on judgment, for clarification purposes this supplemental opinion is written.

The original opinion of this court did nothing more than affirm the orders of the trial court appealed from, and did not order a new trial. Appellants have correctly stated in their memorandum brief on motion for rehearing that an appeal suspends from the time of its perfection the time allowed by the judgment or order appealed from for the performance of a condition affecting a substantive right or obligation of a party, so that the time for the performance of such condition commences to run from the time the appellate court's judgment or order becomes effective, viz.: under our practice, the date of issuance of the mandate. 3 Am.Jur., Appeal and Error, section 527.

Therefore, under the original opinion of this court appellants will have thirty days from issuance of the mandate herein in which to comply with the order of remitter of the trial court, or submit to a new trial.

As to costs on appeal, appellants, having been unsuccessful in their appeal, must bear the costs thereof. The mere fact that after they appealed, appellees filed a cross-appeal, which also was unsuccessful, does not affect appellants' obligation under such circumstances. Costs on appeal will therefore be taxed against appellants.

Interest upon an unliquidated claim is ordinarily governed by the provisions of Section 34–128, A.C.A.1939. This, of course, is upon the theory that the obligation becomes liquidated on the rendition of a verdict in a sum certain. However, when the court denied a motion for new trial, conditioned expressly upon a remitter of a substantial amount from the original verdict, the amount of the judgment remained unliquidated until the plaintiffs should exercise their option to make the remitter or subject themselves to a new trial.

If the judgment be liquidated by plaintiffs' action in making a remitter, interest will commence as of the date the plaintiffs file their remitter under the trial court's order.

STANFORD, C. J., and PHELPS, LA PRADE and WINDES, JJ., concur.