Larry WIXOM, Petitioner–Appellant,

v.

State of WASHINGTON, Respondent–Appellee.

No. 00–35721.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2001

Filed Sept. 5, 2001

Gerald R. Smith, Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for the petitioner-appellant.

Diana M. Sheythe, Assistant Attorney General, Olympia, Washington, for the respondent-appellee.

Before: TASHIMA and TALLMAN, Circuit Judges, and MOLLWAY, District Judge.[*]

TASHIMA, Circuit Judge:

### I.

Since April 24, 1996, state prisoner habeas petitions have been subject to the statute of limitations enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1)(A). Under that statute, state prisoners have one year from the date on which their convictions became final to commence federal habeas corpus proceedings. That period of limitations, however, is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judg-

---

[*] The Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

ment or claim is pending...." *Id.* § 2244(d)(2). In this case, we must decide when such a state claim is no longer "pending." Petitioner contends that a decision of the Washington Court of Appeals is not final and thus remains pending until that court issues a mandate that unconditionally terminates review. We disagree.

## II.

Petitioner Larry Wixom was convicted of rape of a child in Washington state court. On May 20, 1994, he was sentenced to 90 months' imprisonment and 24 months' community placement. He appealed that conviction. The Washington Court of Appeals, by ruling of the commissioner, affirmed the judgment and sentence on June 25, 1997. Wixom filed a motion to modify the commissioner's ruling on July 9, 1997, which was denied by the Court of Appeals on July 29, 1997. The mandate issued on September 12, 1997.

On September 11, 1998, Wixom filed a brief in support of his state personal restraint petition ("PRP"). That same day, the Clerk of the Washington Court of Appeals sent him a letter explaining that his petition was incomplete. First, in addition to his brief, he needed to submit a PRP form. Second, he needed to indicate where he was convicted and the crime he was convicted of so that the court could determine jurisdiction. Finally, the court needed a statement of his inmate account so that it could determine whether to waive all filing fees. The court gave him until October 11, 1998, to complete his petition.[1]

Wixom filed the required materials on October 5, 1998. Ultimately, however, the Washington Court of Appeals dismissed the petition on the ground that all of the issues raised in the PRP had been previ-ously heard and determined in his direct appeal. Wixom sought discretionary review in the Washington Supreme Court, which was denied on August 6, 1999. The Washington Supreme Court also concluded that the petition was time-barred.

On August 28, 1999, Wixom filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254, which was later amended by order of the magistrate judge. After briefing, the magistrate judge concluded that Wixom's petition had been filed outside of § 2244(d)(1)(A)'s one-year statute of limitations. Of significant relevance here, the magistrate judge held that Wixom's conviction became final when his time to file an appeal to the Washington Supreme Court lapsed. Therefore, the magistrate recommended that the petition be denied.

Wixom timely filed objections to the magistrate's report and recommendation. The district court agreed that the petition should be denied, albeit on other grounds. First, the district court held that Wixom's conviction became final upon issuance of the state court mandate. Therefore, because Wixom had filed his PRP on September 11, 1998, he still had one day to spare. The district court found, however, that Wixom's PRP was not "properly filed" and thus could not toll the statute of limitations, because the PRP did not comply with the state procedural rules, *i.e.,* the PRP improperly reasserted claims already brought on direct review.

■ Wixom appeals. On appeal, Wixom contends that the district court properly started running the clock on the statute of limitations but that the district court erred in finding that his petition had not been properly filed. Furthermore, Wixom argues that his PRP was properly filed on September 11, 1998. The state, on the

---

**1.** The court did, however, assign a case num-   ber to his PRP.

other hand, argues that the district court erred in finding that the mandate rendered the conviction final. It also argues that even if the district court properly determined the limitations period's accrual date, Wixom's PRP was not "properly filed" until October 5, 1998. Thus, more than one year had passed before he filed his federal petition.[2] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the district court's denial of a petition for a writ of habeas corpus de novo. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000).

### III.

■ Under either party's construction, Wixom's conviction became final after the AEDPA's effective date. Hence, barring any tolling, Wixom had until one year after his conviction became final to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2). Section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Thus, under the statute, a judgment becomes "final" in one of two ways—either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought. *Cf. Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999) ("We

hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."); *Smith v. Bowersox,* 159 F.3d 345, 348 (8th Cir.1998), *cert. denied,* 525 U.S. 1187, 119 S.Ct. 1133, 143 L.Ed.2d 126 (1999) ("[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.").

■ Wixom argues that the issuance of the mandate by the Washington Court of Appeals signified the conclusion of direct review. We disagree. Under the Washington Rules of Appellate Procedure, the court of appeals' denial of Wixom's motion to modify the commissioner's ruling is a decision terminating review. Wash. R.App. P. 12.3(a) (West 1998) ("A 'decision terminating review' is an opinion, order, or judgment of the appellate court ... if it: (1) is filed after review is accepted by the appellate court filing the decision; and (2) terminates review unconditionally; and (3) is ... an order refusing to modify a ruling by the commissioner or clerk dismissing review.").[3] In contrast, a mandate is not a

---

2. The state concedes Wixom's last point. It is clear after *Artuz v. Bennett,* 531 U.S. 4, 9–10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), that the district court erred in finding that the PRP was not properly filed on the ground relied on; namely, that the PRP improperly reasserted claims raised on direct review.

3. In fact, after his motion to modify the commissioner's ruling was denied by the court of

appeals, there is nothing Wixom could have done (other than seek review with the Washington Supreme Court) to modify the court of appeals' decision. *See* Wash. R.App. P. 12.4(h) ("Each party may file only one motion for reconsideration, even if the appellate court modifies its decision or changes the language in the opinion rendered by the court.").

decision terminating review. Wash. R.App. P. 12.5(a) (West 1998) ("A 'mandate' is the written notification by the clerk of the appellate court to the trial court and the parties of an appellate court decision terminating review."). Hence, because the denial of his appeal is a decision terminating review, and Wixom did not appeal this denial to the Washington Supreme Court, we conclude that it marks "the conclusion of direct review." [4]

This conclusion does not end our inquiry, however. Section 2244(d)(1)(A) provides that the one-year limitation period "shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Because Wixom could have sought review by the Washington Supreme Court, the limitations period did not start until his time to seek such review expired.

Wixom's motion to modify the commissioner's ruling, was denied on July 29, 1997. Therefore, Wixom had until August 28, 1997, to seek review by the Washington Supreme Court. Wash. R.App. P. 13.4(a) (West 1998) ("A party seeking discretionary review by the Supreme Court of a Court of Appeals decision terminating review must file a petition for review or an answer to the petition which raises new issues. The petition for review must be filed in the Court of Appeals within 30 days after an order is filed denying a timely motion for reconsideration of all or any part of that decision."). Hence, it is on that date that his "time for seeking such review" expired. *See* 28 U.S.C. § 2244(d)(1)(A). Accordingly, because Wixom did not file his PRP until (at the earliest) September 11, 1998, more than one year had elapsed before he could take advantage of § 2244(d)(2)'s tolling provision. For that reason, his federal petition was properly denied.[5]

## IV.

Under § 2244, which provides the exclusive means of determining the finality of a conviction for federal habeas purposes, a conviction becomes final at the later of either the conclusion of direct review or the expiration of the time for seeking such review. Under Washington's rules, a "Decision Terminating Review" by the court of appeals, if not appealed to the state supreme court, unconditionally concludes direct review. Therefore, Wixom's direct review concluded on July 29, 1997. But, because he had 30 days to seek discretionary review of that decision by the Washington Supreme Court, Wixom's conviction became final on August 28, 1997. Because he did not file his state habeas petition until (at the earliest) September 11, 1998,

---

4. It is true that, under state law, a petitioner has one year from the date of the mandate to file his PRP. *In re Runyan*, 121 Wash.2d 432, 853 P.2d 424, 429 & n. 4 (1993). This, however, does not change the above conclusion. Section 2244(d)(1)(A), which is the relevant section here, specifically states that, for purposes of the federal limitations period, a judgment is considered final either at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Washington's operative statute does not specify what renders a judgment "final." Rather, it states that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed

more than one year after the judgment becomes final." Wash.Code § Stat. 10.73.090 (2001). That the Washington courts have interpreted the term "final" in § 10.73.090 to mean the date at which the mandate issues is their prerogative. We, as stated above, are constrained by Congress's definition of the term.

5. Because Wixom's brief in support of his PRP was filed after the one-year statute of limitations had lapsed, we need not address whether it could have tolled his time to file his federal petition.

his federal petition was untimely under § 2244(d).

Accordingly, the judgment of the district court is **AFFIRMED**.