UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20899

_____


RODNEY FLYNN VANDUREN,

Petitioner-Appellant

V.

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.


_____

Appeal from the United States District Court
For the Southern District of Texas
(H-99-1804)
_____

January 11, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit

Judges.

PER CURIAM:[*]

     Rodney Flynn Vanduren appeals the district court's dismissal

of his 28 U.S.C. § 2254 habeas petition as barred by the one year

statute of limitations.  Vanduren primarily argues that the

statute of limitations should not begin to run until the date on

which the mandate was issued in his case.  This court granted

Vanduren's Certificate of Appealability ("COA") on the issues of

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(1) whether Vanduren properly presented the mandate issue to the district court, thereby preserving it for appellate review; and (2) whether Vanduren's conviction did not become "final" for purposes of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") until the mandate was issued. Because we conclude that the district court did not commit plain error, we affirm.

I.

On April 26, 1995, Vanduren was convicted of aggravated robbery and sentenced to 42 years' imprisonment. The Texas intermediate Court of Appeals affirmed the trial court's judgment on October 5, 1995. After consideration of Vanduren's pro se brief, the intermediate Court of Appeals again affirmed Vanduren's conviction on October 2, 1997. Vanduren then filed a motion for rehearing, which the Court of Appeals ultimately denied on February 12, 1998. On April 29, 1998, Vanduren filed a petition for discretionary review with the Texas Court of Criminal Appeals, which that court rejected as untimely that same day. Finally, on June 15, 1998, the intermediate Court of Appeals issued its mandate. Vanduren filed his only application for state habeas on December 2, 1998, which the Texas Court of Criminal Appeals denied on February 10, 1999.

On June 7, 1999, Vanduren filed a petition for federal habeas relief, alleging ineffective assistance of counsel and

various other claims attacking the validity of his conviction.[1] The district court dismissed Vanduren's habeas petition as barred by the AEDPA's one year statute of limitations.[2] Ultimately, the district court found that Vanduren's conviction became final for the purposes of the AEDPA on March 14, 1998, when time expired for Vanduren to seek discretionary review of the Texas intermediate Court of Appeals' denial of his motion for rehearing.[3] Tolling the statute of limitations while his state habeas application was pending, the district court determined that Vanduren's federal petition was untimely because it was filed after May 25, 1999.

Vanduren then applied for a COA in the district court on October 10, 2000, in which he argued to the district court for the first time that the AEDPA's one year statute of limitations

---

[1] The AEDPA applies to Vanduren's petition because the petition was filed after the AEDPA's enactment in 1996. See Lindh v. Murphy, 521 U.S. 320, 324-36 (1997).

[2] 28 U.S.C. § 2244(d)(1)-(d)(1)(A) provides that "[t]he limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

[3] The district court originally found that Vanduren's conviction became final on November 1, 1997, when time expired for him to seek discretionary review of the Court of Appeals' October 7, 1997, affirmance. Vanduren then filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 (e). The district court granted the motion to the extent that it changed the date the conviction became final to March 14, 1998, 30 days after the date Vanduren's motion for rehearing was denied. The district court noted that this change to the limitations calculation did not affect the outcome of its previous dismissal, as even using the later date, Vanduren's habeas petition was still untimely.

did not begin to run until the mandate was issued.  The district court rejected his application.  Vanduren then filed a COA application in this court, which was granted.  This appeal followed.

                                    II.

Vanduren argues that the district court improperly calculated the statute of limitations in his case.  Specifically, Vanduren asserts that his conviction was not "final" under the AEDPA, and thus the statute of limitations did not begin to run, until the date on which mandate was issued.  Vanduren did not raise this issue, however, until he applied for a COA in the district court.  Therefore, we review the district court's judgment at the most for plain error.

Plain error is (1) an error, (2) that is clear or obvious, and (3) that affects the defendant's substantial rights.[4]  Even if all of these factors are met, however, this court will exercise its discretion to correct the error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[5]

In relevant part, the AEDPA provides that "[t]he limitation

---

[4]    See Jones v. United States, 527 U.S. 373, 389 (1999); United States v. Williams, 264 F.3d 561, 574 (5th Cir. 2001); United States v. Gonzalez, 250 F.3d 923, 930 n. 10 (5th Cir. 2001).

[5]    United States v. Olano, 507 U.S. 725, 732 (1993) (internal citations omitted; see also Gonzalez, 250 F.3d at 930 n. 10 (internal citations omitted).

period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[6]  The respondent concedes that a conviction is not "final" for purposes of Texas law until the mandate is issued.[7]  However, respondent maintains that this designation is not controlling for purposes of calculating the statute of limitations under the AEDPA.  In Caspari v. Bohlen,[8] the Supreme Court analyzed the finality of a conviction for purposes of determining retroactivity under Teague v. Lane.[9]  The Court held that a conviction becomes final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."[10]  Moreover, in Flanagan v. Johnson, this court held that, based on Caspari, a Texas prisoner's conviction became final for AEDPA purposes 90 days after the Texas Court of Criminal Appeals denied his petition for discretionary review, when time expired for him to seek a writ of certiorari from the

---

[6]    28 U.S.C. § 2244(d)(1)-(d)(1)(A).

[7]    See Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000).

[8]    510 U.S. 383, 390 (1994).

[9]    489 U.S. 288 (1989).

[10]    510 U.S. at 390.

United States Supreme Court.[11]

In addition, at least one circuit has rejected the position that Vanduren advances here. In <u>Wixom v. Washington</u>, the Ninth Circuit held that a decision terminating review, not the issuance of the mandate, signifies "the conclusion of direct review" that triggers the AEDPA's limitation period.[12] The Ninth Circuit noted that even though Washington state courts consider a conviction to be "final" only upon issuance of the mandate for purposes of state law, the Ninth Circuit was bound by Congress' definition of the term in calculating the statute of limitations under the AEDPA.[13] Petitioner cites no authority that supports his proposition that the AEDPA's statute of limitations does not begin to run until mandate is issued.

In light of these authorities, it is far from "obvious" that the issuance of the mandate determines when a conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A), thereby triggering the one year limitations period. Thus, the district court's decision that the limitations period began to run on March 14, 1998, when time expired for Vanduren to seek direct review of his conviction, was not an obvious error, if erroneous at all.

---

[11] 154 F.3d 196, 197 (5th Cir. 1998).

[12] 264 F.3d 894, 897-98 (9th Cir. 2001).

[13] <u>Id.</u> at 898 n. 3.

Therefore, we AFFIRM the district court's dismissal of Vanduren's § 2254 petition.