**Kelly WETTON, Petitioner–Appellant,**

v.

**Harold CLARKE \*, Respondent–Appellee.**

No. 06–35607.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 06, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Harold Clarke is substituted for his predecessor, Joseph Lehman, as Secretary of the Washington Department of Corrections, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suzanne Lee Elliott, Esq., Law Offices of Suzanne Lee Elliott, Seattle, WA, for Petitioner–Appellant.

Ronda Denise Larson, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER ***, District Judge.

MEMORANDUM ****

Kelly Wetton appeals the denial by the district court of his petition for habeas corpus pursuant to 28 U.S.C. § 2254 on timeliness grounds. We affirm.

*** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

At issue is whether Wetton's appeal of the trial court's denial of his motion for a new trial was "pending"—and therefore tolled AEDPA's one-year limitations period pursuant to 28 U.S.C. § 2244(d)(2)— only until the Washington Supreme Court denied review, or until the Clerk of the Washington Court of Appeals subsequently entered a mandate. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999) ("We conclude that, for purposes of § 2244(d), the time must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies.").

We have previously addressed this issue and concluded that the decision of the state court, not the entry of the mandate, ends the pendency of state court proceedings for the purposes of 28 U.S.C. § 2244(d)(2). *White v. Klitzkie,* 281 F.3d 920, 923–24 n. 4 (9th Cir.2002) (citing *Wixom v. Washington,* 264 F.3d 894, 897–98 (9th Cir.2001)); *see also Hemmerle v. Schriro,* 495 F.3d 1069, 1077 (9th Cir.2007). Neither *White* nor *Hemmerle* was based on any unique aspect of the law of their respective forums, Guam and Arizona. Even though the event at issue in *Hemmerle* was not the issuance of a mandate, its conclusion that nothing remained "pending" for the purposes of § 2244(d)(2) after the decision of the Arizona Supreme Court is highly instructive here. *See Hemmerle,* 495 F.3d at 1077. And while *Wixom* dealt with a different issue, namely

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the date upon which a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A), its conclusion that a mandate issued by the Washington Court of Appeals is not a "decision terminating review" also supports our analysis. *See* 264 F.3d at 897–89; *see also State v. Dorosky,* 28 Wash.App. 128, 622 P.2d 402, 404 (1981) (citing Wash. R.App. P. 12.3, 12.5(a)).

Wetton fails to identify any aspect of Washington law that materially differs from Guam or Arizona law such that the outcome in this case should differ from the outcomes in *White* or *Hemmerle.* That Washington appellate courts technically may retain the power to act in a matter until issuance of the mandate does not render the matter "pending" for the purposes of § 2244(d)(2). *See Wixom,* 264 F.3d at 898 n. 4. Our decision in *Bunney v. Mitchell* 262 F.3d 973 (9th Cir.2001) does not control this case because it turned on an aspect of California law not present here. Under the California Rules of Court in effect at the time, a decision of the California Supreme Court became final thirty days after filing. *See Bunney,* 262 F.3d at 974 (citing Cal. R. Ct. 24).[1] Washington, like Guam and Arizona, has no such rule. In Washington, the mandate issues "upon denial of the petition for review" by the Washington Supreme Court. Wash. R.App. P. 12.5(b)(3); *see also* Wash. R.App. P. 16.15(e)(1)(c).

Once the Washington Supreme Court denied review, Wetton was no longer "appropriately pursuing and exhausting his state remedies," *Nino,* 183 F.3d at 1004, because there was nothing left for him to do. His application for review was thus no longer "pending" under 28 U.S.C. § 2244(d)(2). Accordingly, AEDPA's one-year limitations period began running the next day, and Wetton's habeas petition—which was signed more than one year later—was not timely.

**AFFIRMED.**

---

1. The California Rules of Court were reorganized and renumbered on January 1, 2007, and the relevant rule now provides that decisions of the Supreme Court with respect to a habeas petition of the type at issue in *Bunney,* as well as the denial of a petition for review of a Court of Appeal decision, are "final on filing." Cal. R. Ct. 8.532(b)(2).

