**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| GINA GAIL CELAYA, | No. 10-15935 |
| Petitioner - Appellant, | D.C. No. 4:01-cv-00622-DCB |
| v. | |
| CHARLES L. RYAN; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

| | |
|---|---|
| GINA GAIL CELAYA, | No. 10-15964 |
| Petitioner - Appellee, | D.C. No. 4:01-cv-00622-DCB |
| v. | |
| CHARLES L. RYAN; et al., | |
| Respondents - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted May 16, 2012
San Francisco, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Charles Ryan, et al., (collectively, Respondents-Appellants/Cross-Appellees) appeal the district court's conclusion that Gina Gail Celaya's habeas petition was timely under 28 U.S.C. § 2244(d). Respondents also appeal the district court's decision that Celaya's trial was fundamentally unfair, entitling her to habeas relief. Celaya cross-appeals the lower court's holding that she procedurally defaulted on her ineffective assistance of counsel claims. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The Antiterrorism and Effective Death Penalty Act provides, "[t]he time during which a properly filed application for State post-conviction . . . review . . . is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The pendency of such an application is determined by state law. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (applying Washington law). Under Arizona law, Celaya's PCR petition was "pending" until the Arizona Court of Appeals issued the mandate concluding its review of that petition on November 30, 2000. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007); *Borrow v. El Dorado*

-2-

*Lodge, Inc.*, 254 P.2d 1027, 1028 (Ariz. 1953). Accordingly, Celaya's habeas petition, filed on November 28, 2001, was timely.

II

The trial court's exclusion of Celaya's proferred witnesses rendered her trial fundamentally unfair in violation of clearly established federal law. Arizona Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b). Celaya sought to introduce testimony that was probative of Lopez's motive and intent. The three witnesses that the trial court excluded would have corroborated Celaya's testimony; indeed, they were vital to Celaya's defense. The trial court erred when it excluded that evidence, rendering the trial fundamentally unfair. *See State v. Fish*, 213 P.3d 258 (Ariz. Ct. App. 2009); *see also Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense."); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).

This error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  The Arizona Court of Appeals's denial of relief for this constitutional violation was contrary to clearly established federal law under 28 U.S.C. § 2254.

We need not reach any other issue raised on appeal.

**AFFIRMED.**