UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GINA GAIL CELAYA, | No. 10-15935 |
| Petitioner - Appellant, | D.C. No. 4:01-cv-00622-DCB |
| v. | District of Arizona, |
| | Tucson |
| CHARLES L. RYAN; et al., | |
| Respondents - Appellees. | ORDER |

| | |
|---|---|
| GINA GAIL CELAYA, | No. 10-15964 |
| Petitioner - Appellee, | D.C. No. 4:01-cv-00622-DCB |
| v. | District of Arizona, |
| | Tucson |
| CHARLES L. RYAN; et al., | |
| Respondents - Appellants. | |

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

The memorandum disposition filed on June 12, 2012, is withdrawn and

replaced with the accompanying memorandum disposition.

The panel has voted to deny the petition for panel rehearing and the petition

for rehearing en banc.

The full court has been advised of the petition for rehearing and rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc are DENIED. No further petitions for en banc or panel rehearing shall be permitted.

FILED

NOV 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GINA GAIL CELAYA, | No. 10-15935 |
| Petitioner - Appellant, | D.C. No. 4:01-cv-00622-DCB |
| v. | |
| CHARLES L. RYAN; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

| | |
|---|---|
| GINA GAIL CELAYA, | No. 10-15964 |
| Petitioner - Appellee, | D.C. No. 4:01-cv-00622-DCB |
| v. | |
| CHARLES L. RYAN; et al., | |
| Respondents - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted May 16, 2012
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Charles Ryan, et al., (collectively, Respondents-Appellants/Cross-Appellees) appeal the district court's conclusion that Gina Gail Celaya's habeas petition was timely under 28 U.S.C. § 2244(d).  Respondents also appeal the district court's determination that the Arizona Court of Appeals's decision affirming Celaya's conviction was contrary to clearly established federal law, entitling Celaya to habeas relief.  Celaya cross-appeals the district court's holding that she procedurally defaulted on her ineffective assistance of counsel claims.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.  Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, "[t]he time during which a properly filed application for State post-conviction . . . review . . . is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2).  The pendency of such an application is determined by state law.  *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (applying Washington law).  Under Arizona law, Celaya's post-conviction review ("PCR") petition was "pending" until the Arizona Court of Appeals issued the mandate

-2-

concluding its review of that petition on November 30, 2000. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007); *Borrow v. El Dorado Lodge, Inc.*, 254 P.2d 1027, 1028-29 (Ariz. 1953). Accordingly, Celaya's habeas petition, filed on November 28, 2001, was timely.

II

Under AEDPA, we may grant Celaya's petition only if we determine that the Arizona Court of Appeals's decision affirming her conviction was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "As a habeas court, we do not review the propriety of the state court's application of its own evidentiary rules; rather, we consider whether it was unreasonable for it to conclude, in light of *Chambers*, that the exclusion did not violate [Celaya's] due process right to present a defense and receive a fair trial." *Lunbery v. Hornbeak*, 605 F.3d 754, 761 n.1 (9th Cir. 2010). It does not matter that the court of appeals did not cite to Supreme Court precedent on this issue. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (explaining that avoiding the "pitfalls [of AEDPA] does not even

require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them").[1]

"The Supreme Court has made clear that the erroneous exclusion of critical, corroborative defense evidence may violate both the Fifth Amendment due process right to a fair trial and the Sixth Amendment right to present a defense." *DePetris v. Kuykendall*, 239 F.3d 1057, 1062 (9th Cir. 2001) (citing *Chambers v. Mississippi*, 410 U.S. 284, 294 (U.S. 1973)). Here, the three witnesses that the trial court excluded would have corroborated Celaya's testimony; indeed, they were vital to Celaya's defense. The trial court erred when it excluded that evidence, rendering the trial fundamentally unfair. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *Chambers*, 410 U.S. at 302 ("Few rights are more fundamental than that of an accused to present witnesses in his own defense.").

This error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). The Arizona Court of

---

[1]We recognize that the magistrate judge's report and recommendation, which the district court adopted, was mistaken in stating that Celaya's constitutional claim should be reviewed de novo. Because the Arizona Court of Appeals's decision was on the merits, we review it under AEDPA's deferential standard. *See Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

Appeals's denial of relief for this constitutional violation was contrary to clearly established federal law under 28 U.S.C. § 2254.

We need not reach any other issue raised on appeal.

**AFFIRMED.**