NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TERESA CUEN, *Plaintiff/Appellee,*

*v.*

PEDRO S. CUEN, *Defendant/Appellant.*

No. 1 CA-CV 20-0308
FILED 12-29-2020

Appeal from the Superior Court in Maricopa County
No. CV2018-052199
The Honorable Gary L. Popham Jr., Commissioner

**VACATED AND REMANDED**

COUNSEL

Hymson Goldstein & Pantiliat PLLC, Scottsdale
By John L. Lohr, Jr.
*Counsel for Plaintiff/Appellee*

Pedro S. Cuen, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

**B A I L E Y**, Judge:

¶1        Pedro Cuen appeals the superior court's entry of a default judgment in favor of Teresa Cuen.[1]  Because this court had not yet issued its mandate in Pedro's prior appeal, however, the superior court lacked jurisdiction to act, and the default judgment is void.

## FACTS AND PROCEDURAL HISTORY

¶2        In April 2018, Teresa filed a complaint against Pedro seeking to quiet title to real property formerly owned by her brother (Pedro's father), who is now deceased.  Pedro initially answered the complaint, but his answer was stricken as a discovery sanction and default entered against him. The superior court later entered a default judgment against Pedro, quieting title in favor of Teresa, and denied Pedro's post-judgment motion to set aside.  Pedro appealed, and this court upheld the sanction but vacated the default judgment because Pedro did not receive adequate notice of the default judgment hearing.  *See Cuen v. Cuen* ("*Cuen I*"), No. 1 CA-CV 19-0105, 2020 WL 1488748, at *2–3, 6, ¶¶ 6, 10–11, 21 (Ariz. App. Mar. 25, 2020) (mem. decision).

¶3        A few days after our memorandum decision was filed, Teresa moved for a default hearing in superior court.  The court apparently held the default hearing and again issued a default judgment against Pedro on April 28, 2020.  This court's mandate issued three days later on May 1, 2020.

## DISCUSSION

¶4        "An appellate court retains jurisdiction of an appeal until it issues the mandate."  ARCAP 24(a); *see also Borrow v. El Dorado Lodge, Inc.*, 75 Ariz. 218, 220 (1953) ("[T]he appellate court's judgment or order becomes effective . . . the date of issuance of the mandate.").  And while an appeal is pending, the superior court loses jurisdiction except as to orders in furtherance of the appeal or matters unrelated to the appeal.  *In re Marriage of Flores*, 231 Ariz. 18, 21, ¶ 10 (App. 2012).  Thus, until the mandate issues, the superior court may act only in a way that "cannot negate the decision in a pending appeal or frustrate the appeal process," and it "may not render any decision that would defeat or usurp an appellate court's jurisdiction of a case on appeal."  *State v. O'Connor*, 171 Ariz. 19, 21–22 (App. 1992).

---

[1] For clarity and brevity, we hereinafter refer to the parties by their first name.

**¶5**        Here, the superior court went forward prematurely and in fact rendered judgment before this court's mandate remanded the case and revested jurisdiction in that court.  Doing so risked fragmented and conflicting proceedings in the trial and appellate courts given the possibility of a motion for reconsideration, petition for review, or other amendment before the *Cuen I* decision became final.  And although the superior court's actions appear designed to comply with our decision in *Cuen I*, those actions in fact negated the appellate ruling by addressing the error corrected in *Cuen I* (in effect mooting that portion of the decision) before *Cuen I* became final.

**¶6**        Accordingly, we vacate the April 28, 2020 default judgment as void for want of jurisdiction and remand for proceedings consistent with *Cuen I* as well as this decision.  The superior court may consider any previously filed substantive motions and any newly submitted motions regarding the default hearing or the validity of the judgment.

**¶7**        Teresa seeks her attorneys' fees and costs pursuant to A.R.S. §§ 12–341.01(C) and –349, arguing Pedro's appeal was frivolous, filed solely for the purpose of delay, and without substantial justification.  Because we vacate the default judgment, we do not award fees or costs.

## CONCLUSION

**¶8**        We vacate the trial court's entry of a default judgment and remand for proceedings consistent with this decision.

