**Martin Castro ALDAN,
Petitioner-Appellant,**

v.

**Ricardo A. SALAS, Director, Department of Corrections, Government of Guam,
Respondent-Appellee.**

No. 82–4251.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 13, 1982.

Decided Jan. 31, 1983.

Richard A. Pipes, Arriola & Cown, Agana, Guam, for petitioner-appellant.

Leslie R. Weatherhead, Agana, Guam, for respondent-appellee.

Before WALLACE and FERGUSON, Circuit Judges, and GRANT,* District Judge.

FERGUSON, Circuit Judge.

Pursuant to 28 U.S.C. § 2254, the petitioner seeks habeas corpus relief from his

---

* Hon. Robert A. Grant, Senior United States District Judge, Northern District of Indiana, sitting by designation.

five year imprisonment imposed *in absentia* by the Superior Court of Guam. The district court denied the writ. We vacate that judgment and remand with directions to dismiss the petition for failure of the petitioner to exhaust territorial remedies.

On July 1, 1980 in the Superior Court of Guam, petitioner Aldan pled guilty to three counts of burglary. He had been held in custody but escaped before his sentencing date of July 20, 1981. Over his counsel's protest, Aldan was sentenced *in absentia* on that date to five years imprisonment.

He was apprehended shortly thereafter, and on August 14, 1981, the territorial prosecutor moved the court to resentence him. It is not disputed by the Territory that the sentence of Aldan imposed *in absentia* violates § 1.13 of the Guam Code of Criminal Procedure.[1] However, the superior court refused to resentence him. Aldan did not appeal his conviction.

On December 16, 1981, the petitioner filed a writ of habeas corpus with the Superior Court on the ground that his sentence was illegally imposed. The petition was denied and Aldan did not appeal to the Appellate Division of the District Court of Guam pursuant to Guam Code of Criminal Procedure § 130.15(c).[2]

Instead he filed a petition for a writ of habeas corpus in the federal District Court of Guam. That court denied the petition.

It found that the petitioner had failed to exhaust the remedies afforded by the Territory of Guam by failing to appeal the superior court's dismissal of his petition to the Appellate Division of the District Court of Guam.

However, the district court held that the requirement of exhaustion is only discretionary, not jurisdictional, and the court may in extenuating circumstances disregard the exhaustion policy and proceed to the merits of the petition. The court states:

Such is the situation in the present case where a significant consideration of delay undercuts the policy requirement of exhaustion. The delay in this case is the direct result of the unique organization of the judicial system in the Territory of Guam whereby appeals from the Superior Court of Guam are handled by a three-judge panel convened to sit as the Appellate Division of the District Court of Guam. It is common knowledge that the next Appellate Session will not be held for approximately four to six months due to the fact that the last Appellate Session was held March 1–3, 1982 and the difficulty experienced in convening a three-judge panel. Thus, the local territorial courts cannot afford the Petitioner prompt consideration of his petition.

Based on the anticipated lengthy delay of the proceedings in the local courts, it is

---

1. Section 1.13, Guam Code of Criminal Procedure, provides:

    (a) The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impanelling of the jury and return of the verdict, and at the imposition of sentence, except as otherwise provided by this section.

    (b) The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever he, initially present

      (1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), or

      (2) engages in conduct which is such as to justify his being excluded from the courtroom.

    (c) A defendant need not be present in the following situations

      (1) A corporation may appear by counsel for all purposes.

      (2) In a prosecution for an offense not a felony, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.

      (3) At a conference or argument upon a question of law.

      (4) At a reduction of sentence under Section 120.46.

2. Section 130.15(c), Guam Code of Criminal Procedure, provides:

    An appeal may be taken by the defendant:

    .    .    .    .    .

    (c) From any order made after judgment, affecting the substantial rights of the defendant.

appropriate for this court to address the merits of the habeas corpus petition.

It then proceeded to adjudicate the merits of the petition and hold that it was not improper under the law of Guam to sentence the defendant *in absentia* even though the territorial prosecutor had firmly stated, "There is no question that the sentence was 'imposed in an illegal manner.'"

■ The district court was in error when it held that the petitioner need not exhaust the remedies provided by the laws of the Territory of Guam.

If Aldan had sought relief from a state criminal conviction, it is clear that his federal habeas corpus petition would not have been reviewed if he had sought such relief before he had pursued his claims through the available state appellate courts. *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The question here is whether the result should be different because of the special rules and procedures applicable to Guam because it is a territory rather than a state. 48 U.S.C. § 1421a.

In *Pador v. Mantanane,* 653 F.2d 1277 (9th Cir.1981) this court held:

Although Guam is a territory rather than a state and appeals from its superior court are to a body having federal characteristics, it remains true, as it is in the case of states, that ordinarily it is better to require the exhaustion of local remedies before entertaining and issuing the writ of habeas corpus.

*Id.* at 1279. Based on *Pador,* Aldan should have appealed the denial of his habeas corpus petition from the Superior Court for Guam to the Appellate Division of the District Court of Guam pursuant to Guam Code Crim.Proc. § 130.15(c).

■ The district court of Guam held that it was justified in disregarding the exhaustion policy because of the period of from four to six months which would elapse before the next three-judge panel was convened to sit as the Appellate Division of the District Court of Guam. However, in *Duckworth v. Serrano,* 454 U.S. at 3, 102 S.Ct. at 19, the Supreme Court, speaking per curiam, held that "[a]n exception is made [to the exhaustion requirement] only if there is no opportunity to obtain redress in a state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." A delay in appeal caused by a delay of four to six months in convening the Appellate Division of the District Court of Guam does not meet either of those criteria.

It may be that the district court judge, who would sit as a member of the three-judge panel, 48 U.S.C. § 1424, believed that he was conserving judicial resources by rendering a decision on the merits without a delay. That undoubtedly is true. However, the District Court of Guam must decide the merits of a habeas corpus petition under federal law. The Appellate Division of the District Court of Guam in determining appeals from the Superior Court of Guam must decide the petition based on territorial law. In the record before us, there are many admissions by the territorial prosecutor that Guam law does not permit sentencing *in absentia.* We voice no opinion as to how this issue would be decided on the merits under federal law in this circuit. Instead we emphasize that the requirement of exhaustion of remedies exists to avoid an adjudication of territorial criminal convictions by federal authorities, wherever possible, to the end that comity may be furthered and potential conflict avoided. *Duckworth v. Serrano,* 454 U.S. at 3–4, 102 S.Ct. at 19–20; *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

The case is remanded to the district court to dismiss the petition without prejudice based upon a failure of the petitioner to exhaust territorial remedies.