**Jackery B. WHITE, Petitioner,**

v.

**Robert KLITZKIE, Respondent.**

No. 00–16347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Filed Feb. 20, 2002.

Elizabeth A. Fisher, Honolulu, HI, for the petitioner.

Tricia R.S. Ada, Deputy Attorney General, Hagatna, GU, for the respondent.

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

Opinion by Judge THOMPSON; Dissent by Judge BERZON

DAVID R. THOMPSON, Circuit Judge.

Jackery B. White, a prisoner serving a sentence imposed by the Territory of Guam, appeals the district court's dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The district court determined that White's petition was procedurally barred and unexhausted, and denied his request for a certificate of appealability. We granted a certificate of appealability, limited to the issues of "whether the district court properly dismissed the petition based on failure to exhaust and procedural default."

In advance of oral argument, it became apparent that there was a threshold issue of whether White's habeas petition was

barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), a ground asserted by the respondent in the district court and in this court. We asked for and received from the parties supplemental briefing on that issue. The issue was also fully explored at oral argument.

■ Although the statute of limitations issue was not included in the certificate of appealability, we can affirm the district court on any ground supported by the record. *See Franklin v. Terr*, 201 F.3d 1098, 1100 n. 2 (9th Cir.2000). We conclude that White's federal habeas petition is barred by the one-year statute of limitations of 28 U.S.C. § 2244(d), that statutory tolling under 28 U.S.C. § 2244(d)(2) did not render the petition timely filed, and White is not entitled to equitable tolling. *Cf. Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). Accordingly, we affirm the district court's dismissal of White's petition without reaching the grounds upon which the district court dismissed it.

I

On August 13, 1993, White pleaded guilty in the Superior Court of Guam to one count of robbery with a special allegation that the robbery was committed while he was on release pending prosecution of earlier burglary charges. On October 1, 1993, White was sentenced to a total term of 30 years—10 years on the robbery conviction, and another 20 years resulting from the special allegation. White's motion to reduce his sentence was denied by the Guam Superior Court.

White directly appealed his sentence to the Appellate Division of the United States District Court for the District of Guam, which at that time had jurisdiction over all appeals from the local courts of Guam pursuant to 48 U.S.C. § 1424–3.[1] Upon the request of his appointed counsel, however, White's direct appeal was dismissed with prejudice on December 19, 1995.

On August 26, 1994, White filed a petition for a writ of habeas corpus in the Superior Court of Guam. He alleged that his guilty plea was not knowing and voluntary, because his counsel had a conflict of interest. He also alleged that his counsel was incompetent, and as a result of his counsel's incompetence and conflict, White was denied effective assistance of counsel. The Guam Superior Court appointed counsel for White and held an evidentiary hearing. On May 12, 1997, the Guam Superior Court denied White's habeas petition, finding that his counsel was conflict-free and competent, and that his plea was entered into knowingly and voluntarily.

With the assistance of counsel, White appealed the denial of his habeas petition to the Supreme Court of Guam. He again alleged that his guilty plea was not knowing and voluntary because his counsel had a conflict of interest. He also alleged that the Guam Superior Court should have granted his petition for the writ because the government's return was not filed on time. The Supreme Court of Guam treated White's appeal as an original petition for a writ of habeas corpus. On December 16, 1998, following a de novo review of White's claims, the Supreme Court of Guam filed an opinion denying his petition on the merits.

White contends that shortly thereafter, on December 28, 1998, he attempted to file

---

1. The Appellate Division maintained jurisdiction over local appeals until the Supreme Court of Guam was established on April 21, 1996. *Report of the Pacific Islands Committee of the Judicial Council of the Ninth Circuit to* *the Senate Committee on Energy and Natural Resources and the House Committee on Natural Resources on the Supreme Court of Guam, available at* http://www.justice.gov.gu/supreme/Report9thCirJudCouncil.pdf (2001).

a petition for a writ of certiorari with this court. The record contains a "Notice of Appeal," signed by White and dated December 28, 1998. Although this document is captioned for filing in the Supreme Court of Guam, the text indicates that it is an "appeal[ ] to the United States Court of Appeals for the *Ninth Circuit* on a Petition for a Writ of *Certiorari* . . . ." (emphasis in original). White contends that he intended this document to be a petition to this court for a writ of certiorari, and that on December 28, 1998 he sent the document "to the Ninth Circuit for filing through the Guam Department of Corrections Officials." The document was never filed with this court. White sent a follow-up letter in October 1999,[2] and received in response a letter from a deputy clerk dated November 2, 1999, stating that White had no matter pending in this court.

On March 13, 2000, White, proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the District of Guam.[3]

The district court dismissed White's petition, and this appeal followed.

## II

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there was effectively no limit on the time during which a state prisoner could file a federal petition for a writ of habeas corpus. Under the AEDPA, however, a state prisoner must file his federal habeas corpus petition within one year of the date his state conviction became final. 28 U.S.C. § 2244(d)(1). White's conviction became final on December 19, 1995, when he dismissed his direct appeal. *See* 28 U.S.C. § 2244(d)(1) (statute of limitations runs from "the conclusion of direct review or the time for seeking such review").

Because White's conviction became final prior to the AEDPA's enactment, the earliest date the one-year statute of limitations for filing his federal habeas petition would have begun to run was the date the AEDPA went into effect, April 24, 1996. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). On that date, however, White had a petition for a writ of habeas corpus pending before the Superior Court of Guam. Thus, the statute of limitations was further tolled pursuant to 28 U.S.C. § 2244(d)(2), which provides tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."

The statute of limitations remained tolled under 28 U.S.C. § 2244(d)(2) while White sought a writ of habeas corpus through Guam's territorial procedures. *See Nino*, 183 F.3d at 1006. Consistent with those procedures, White presented his habeas petition to the Superior Court of Guam and then to the Supreme Court of Guam. The latter court denied White's petition on December 16, 1998. That denial ended statutory tolling of the statute of limitations under § 2244(d)(2), and the one-year statute of limitations began to run.[4] White did not file his federal habeas

---

**2.** White contends this was his second follow-up letter, and that he sent an earlier letter inquiring about the status of his appeal in April 1999. That earlier letter is not a part of the record, and there is nothing to indicate to whom the letter was addressed.

**3.** We have previously recognized that Guam prisoners may seek federal habeas relief un-

der 28 U.S.C. § 2254 to the same extent as state prisoners. *See Aldan v. Salas*, 718 F.2d 889, 891 (9th Cir.1983). Our reference to state prisoners in this opinion includes territorial prisoners such as White.

**4.** White argues that the Supreme Court of Guam's decision was not final until the mandate was entered on January 26, 1999. How-

petition in the United States District Court until March 13, 2000. White's federal petition, therefore, is barred by the one-year statute of limitations unless he is entitled to some additional period of tolling.

White argues he is entitled to an additional 90 days of tolling from December 16, 1998, the date the Supreme Court of Guam denied his territorial habeas petition, because during that 90–day period he could have filed a petition for a writ of certiorari with the United States Supreme Court. Alternatively, White argues that the period of statutory tolling was extended for the time between December 28, 1998, when he attempted to file a petition for a writ of certiorari with this court, and November 2, 1999, when he learned that his petition had never been filed. We address each argument in turn.

■ White relies on *Wixom* for the proposition that he is entitled to statutory tolling under § 2244(d)(2) for the time during which he could have sought review by a petition for a writ of certiorari in the United States Supreme Court. That reliance is misplaced. In *Wixom,* we held that a state prisoner's conviction becomes final, so as to commence the running of the statute of limitations under § 2244(d)(1)(A), upon "the conclusion of direct review or the expiration of the time for seeking such review." *Wixom,* 264 F.3d at 897 (quoting 28 U.S.C. § 2244(d)(1)(A)).

■ As our sister circuits have recognized, the question of when a conviction becomes final, so as to start the running of

the statute of limitations under § 2244(d)(1)(A), is fundamentally different from the question of how long the statute of limitations is tolled under § 2244(d)(2). *See Nara v. Frank,* 264 F.3d 310, 318–19 (3d Cir.2001) (holding that the statute of limitations is not tolled under § 2244(d)(2) for the time during which a state prisoner could have filed a petition for a writ of certiorari with the United States Supreme Court); *Snow v. Ault,* 238 F.3d 1033, 1035–36 (8th Cir.2001) (same); *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir.2000) (same); *Gutierrez v. Schomig,* 233 F.3d 490, 492 (7th Cir.2000) (same); *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir.1999) (same). We agree with these decisions.

The statute of limitations is tolled under § 2244(d)(2) only for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." A petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review. *Crawley v. Catoe,* 257 F.3d 395, 399 (4th Cir.2001) (citing *Duncan v. Walker,* 531 U.S. 991, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000)). The time spent pursuing such a federal writ is not "time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies . . . ." *Nino,* 183 F.3d at 1006; *see also Rhine v. Boone,* 182 F.3d 1153, 1156 (10th Cir.1999). Thus, White is not entitled to statutory tolling under § 2244(d)(2) for the time during which he contends he could have filed a petition for a writ of certiorari in the United States Supreme Court, a

---

ever, it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review. *See Wixom v. Washington,* 264 F.3d 894, 897–98 (9th Cir.2001). Our opinion in *Bunney v. Mitchell,* 262 F.3d 973 (9th Cir. 2001) is not to the contrary. In *Bunney* we held that Rule 24 of the California Rules of

Court, providing that "[a] decision of the Supreme Court becomes final 30 days after filing," extended the time during which the statute of limitations was tolled under § 2244(d)(2) for those 30 days. Guam has no similar rule extending the time when the decision of its Supreme Court becomes final.

contention which, in any event, lacks merit because White was not entitled to file a petition for a writ of certiorari directly with the United States Supreme Court.

▪ Pursuant to 48 U.S.C. § 1424–2, this court has jurisdiction, by writ of certiorari, to review all final decisions of the Supreme Court of Guam.[5] A petition for a writ of certiorari must be filed with this court within 21 days after the Supreme Court of Guam enters its final decision. 9th Cir. Rule 6 2(a)(1). Such a filing in this court, however, would not have tolled the time for White to file his federal habeas petition in the district court. It would not, because a petition for a writ of certiorari filed in this court to review a final decision of the Supreme Court of Guam denying a territorial habeas petition is a federal proceeding, and not an application for state court review. It is an application for federal review, in the same sense that an application for certiorari review by the United States Supreme Court is an application for federal review.[6] *Nino*, 183 F.3d at 1006.

Nonetheless, White argues that the statute of limitations should be tolled for the period from December 28, 1998, when he allegedly attempted to file a petition for a writ of certiorari in this court, and November 2, 1999, when a deputy clerk of this court notified him that his petition had never been filed. His argument assumes a petition for certiorari, timely filed with this court, would have tolled the statute of limitations under § 2244(d)(2). As we have stated, that assumption is incorrect. Any time White spent pursuing a writ of certiorari in this court would not be time during which he was "attempting, through proper use of [territorial] procedures, to exhaust [territorial] remedies. . . ." *Nino*, 183 F.3d at 1006.

▪ White might be entitled to equitable tolling if he could show extraordinary circumstances beyond his control which made it impossible for him to file his § 2254 federal habeas corpus petition in the district court on time. *Miles*, 187 F.3d at 1107. The only extraordinary circumstance asserted by White is his allegation that he did everything he could to present a timely petition for certiorari to this court to review the Supreme Court of Guam's denial of his habeas petition. But, even if White could establish that he exercised due diligence in preparing and submitting a certiorari petition to this court, and even assuming extraordinary circumstances beyond his control prevented him from filing that petition on time, *see Miles*, 187 F.3d at 1107, those circumstances would not toll the time for filing his federal habeas petition in the district court because, as we have stated, the process of certiorari review by this court of decisions of the Supreme Court of Guam is not part of the State review process for tolling purposes under 28 U.S.C. § 2244(d)(2). White has presented no other fact, nor has he articu-

---

5. Decisions of the Supreme Court of Guam will eventually be reviewed directly by the United States Supreme Court by petition for a writ of certiorari, similar to decisions of the States' highest courts. 48 U.S.C. § 1424–2. Section 1424–2 provides for review by the Ninth Circuit for 15 years after establishment of the Supreme Court of Guam, or until that court has "developed sufficient institutional traditions to justify direct review by the Supreme Court of the United States from all such final decisions." The Pacific Islands Committee of the Judicial Council of the Ninth Circuit has recently recommended that the 15–year period be shortened or eliminated. *Report of the Pacific Islands Committee*, *supra* n. 1, at pp. 23–27.

6. In any event, White's federal habeas petition in the district court was filed more than 21 days late.

lated any other argument, in support of his claim of equitable tolling.

AFFIRMED.

BERZON, Circuit Judge, dissenting:

Although the majority's statutory construction is certainly plausible, I believe that, on balance, another interpretation is more faithful to the statutory language and structure as a whole, and results in a more sensible overall statutory scheme. I therefore respectfully dissent.

1. I note at the outset that there are serious practical problems with cutting off the tolling period with the final state appeal. Where there is no petition for certiorari filed, it works fine. But here, as the majority recognizes, there arguably was a timely petition for certiorari filed, with this court.

Leaving aside whether that petition was a proper one, let us suppose that it was, and that we granted it and set the case for hearing. According to the majority opinion, if we then did not decide the case on the merits within one year of the Guam Supreme Court decision, White would have had to file a separate habeas petition in federal district court. Thus, the same claims would be pending in two federal courts at once. The same would be the case in the more usual situation, where a petition for certiorari from the denial of an State application for post-conviction relief by the highest State court is pending before the United States Supreme Court, or is granted and the case is pending on the merits. In that situation as well, the majority could be requiring a petitioner to have two petitions pending in federal courts, one in the Supreme Court and one in federal district court. I suppose the federal district court could just suspend proceedings, but one wonders why Congress would want matters to proceed this way.

Turning to the statutory language, it is far from clear to me that Congress did. The statute surely tolls only where there is a "properly filed application for *State* post-conviction or other collateral review." But the question is not whether White's application fits this description—it does, with the twist that it was really an application for territorial review—but whether that application could still be "pending" once the state courts are finished with it.

I believe that it can. That is, while the *application* is one for *State* post-conviction relief, just as *state* criminal proceedings can raise federal issues reviewable in the United States Supreme Court, so can state habeas proceedings. A state criminal proceeding, I would think, is still "pending" even though the state courts are finished with it, until any petition filed is finally decided. Similarly, if there is a certiorari petition pending to review the validity of the state's denial of such an application for state post-conviction review, the *application* is still "pending"—that is, not finally decided. The application does not thereby stop being a state habeas proceeding or turn into a federal rather than a state application; it is just not finally decided yet.

*Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), does not suggest a different interpretation of § 2244(d)(2). That case based its holding that a federal habeas petition does not toll the limitations period on the ground "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Id.* at 2129. But an application for state habeas review, as opposed to an application for federal habeas review, is "an application for State post-conviction review or other collateral review," regardless of

whether that application is being considered on appeal by a state supreme court or by the United State Supreme Court on certiorari. Thus, unlike the reading of § 2244(d)(2) rejected in *Duncan,* the interpretation I suggest gives full meaning to the word "State," but recognizes that the United States Supreme Court—and, in these unique circumstances, this court—can consider state (or territorial) cases when they raise federal issues. Otherwise, what is the United States Supreme Court hearing when it considers a state habeas petition on certiorari? Not an application for *federal* post-conviction or other collateral review. Only 28 U.S.C. § 2254 provides for such plenary review, and while Supreme Court judges can entertain initial habeas petitions (*see* 28 U.S.C. § 2254(a)), that is not what they are doing when they consider a federal question under their certiorari jurisdiction in a case that originated in state court.

This reading is confirmed by 28 U.S.C. § 2263(b), the special limitations period for capital cases in "opt-in" states. Under that statute, the limitations period expressly leaves out the period for filing a petition for writ of certiorari after state court direct review is over, a different rule than applies under § 2244(d). 28 U.S.C. § 2263(b)(1), *see Wixom v. Washington,* 264 F.3d 894, 897 (9th Cir.2001). The tolling period, 28 U.S.C. § 2263(b)(2), in turn, includes, first, the time period between the filing of a petition for certiorari in the Supreme Court until its disposition and, second, the period "from the date on which the first petition for post-conviction review or other collateral relief until the final State court disposition of such petition."

The language in § 2263(b)(2) concerning tolling for state habeas petitions differs from that contained in § 2244(d)(2), which omits the phrase "until the final State court disposition of such petition." As *Duncan* noted in interpreting § 2244(d)(2): "It is well settled that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion and exclusion." *Id.* at 2124 (internal quotations omitted). Congress' decision to include the language "until the final State court disposition of such petition" in § 2263(b)(2), but to omit it in § 2244(d)(2), indicates that Congress intended the tolling period to end with "the final State court disposition" in situations controlled by § 2263(b)(2), but to continue for as long as the application "is pending" in situations controlled by § 2244(d)(2).

That § 2263(b)(2) does end tolling once the State court is finished leads, I recognize, to all the confusion I discuss above regarding petitions pending in two places at once. Still, as to that section it is certain that Congress so intended, presumably to avoid the traditional long delays in imposing the death penalty and also, perhaps, because the "opt-in" rules provide for appointment of counsel for state habeas; lawyers, unlike unrepresented prisoners, can be expected to know about double-filing rules. *See* 28 U.S.C. § 2261. That there is no such clear language in § 2244(d)(2) but only the "pending" reference suggests that a difference was intended, just as a difference was clearly intended with regard to the beginning date for the statute of limitations between § 2244(d)(2) and § 2263(b)(2).

The current case, indeed, illustrates that a state habeas petition is still "pending" when a prisoner files a petition for a writ of certiorari. Under Guam Rule of Appellate Procedure 28(c), the filing of a writ of certiorari to the Ninth Circuit or the United States Supreme Court automatically

prevents· the Guam Supreme Court from issuing its mandate for the prisoner's territorial habeas petition. In other words, Guam's rule explicitly recognizes the unavoidable fact that a habeas petition filed in its courts is not final and in that sense remains pending—"awaiting decision", *see* Black's Law Dictionary, 1154 (7th ed.1999)—until the prisoner has lost the ability to have a higher court review it.

Additionally, the thinking of other circuits is not as conclusive on the interpretation of § 2244(d)(2) as the opinion suggests. The Third Circuit decided, albeit with no analysis, that when a state prisoner files a writ of certiorari following the denial of a petition for state habeas relief, the statute of limitations *is* tolled under § 2244(d)(2). *Morris v. Horn,* 187 F.3d 333, 337 (3d Cir.1999); *see also Nara v. Frank,* 264 F.3d 310, 318 n. 4 (3d Cir.2001) (distinguishing *Morris* on the ground that Nara could have, but did not, file a petition for certiorari). The Seventh Circuit has also exhibited a willingness to give effect to the word "pending" in § 2244(d)(2). In *Gutierrez v. Schomig,* 233 F.3d 490 (7th Cir.2000), it considered whether the time in which a state prisoner could have, but did not, file a writ of certiorari following the denial of a petition for state habeas relief tolls the statute of limitations under § 2244(d)(2). It held that this time did not toll the statute of limitations, stating that "a petition· for certiorari that is not actually filed cannot reasonably be considered 'pending.'" *Id.* at 492. It then explicitly left open the issue of whether a properly filed petition for certiorari would toll the statute of limitations under § 2244(d)(2).

As *Gutierrez* suggests, it is possible that the answer to whether a case is "pending" could differ depending upon whether the petition for writ of certiorari has yet been filed or not. But certainly where it has— and the majority in this case proceeds on

the premise that even if there was a petition filed in this court, that would not matter—I cannot see why the "application for State post-conviction or other collateral review" is not still "pending."

2. There is one other matter on which I differ with the majority. Footnote 4 of the majority opinion reaches a question we need not address, in an area in which Ninth Circuit law is confusing.

Whether or not the Supreme Court of Guam's decision became final before or after the entry of the mandate on January 26, 1999, does not matter to the outcome of this case. White did not file his petition for a writ of habeas corpus until March 13, 2000, more than a year later. So his petition would have been time-barred even if he was right about the January 26 date.

Footnote 4 nonetheless cites to *Wixom* for the proposition that the decision of the state appellate court, rather than the entry of the mandate, signals the conclusion of review. *Wixom* is relevant precedent, but our decision in *Bunney v. Mitchell,* 262 F.3d 973 (9th Cir.2001), may speak more directly to the issue at hand. While *Wixom* considered § 2244(d)(1), *Bunney* considered § 2244(d)(2). *Bunney* held that according to California Rules of Court, a decision by the California Supreme Court does not become final until 30 days after filing and is subject to further action during that time. *Id.* at 974. Rule 28(c) of Guam Rules of Appellate Procedures states that the Supreme Court shall issue its mandate, "when a case is finally determined," indicating that a Guam Supreme Court decision is subject to further action during the time between when an opinion is rendered and the mandate is issued.

It appears to me that it may well be *Bunney* that should govern here. The two cases interpreted different parts of the habeas statute. Section 2244(d)(1)(A), at issue in *Wixom*, specifically states that,

under certain circumstances, the statute of limitations period begins on "the date on which the judgement became final by the conclusion of direct review," while § 2244(d)(2), at issue here and in *Bunney,* states that the limitations period is tolled while an application for state collateral review "is pending."

I see no reason to reach the question of whether it is *Wixom* or *Bunney* that governs here, as the answer to the question does not matter.