**Jackery B. WHITE, Petitioner,**

v.

**Robert KLITZKIE, Respondent.**

**No. 00–16347.**

United States Court of Appeals, Ninth Circuit.

Aug. 2, 2002.

Elizabeth A. Fisher, Esq., Honolulu, HI, Jackery B. White, Adelanto, CA, for Petitioner.

John F. Tarantino, Esq., Tricia R.S. Ada, DAG, Office of the Attorney General, Angela Borzachillo, Hagatna, GU, for Respondent.

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

**ORDER**

The Petitioner has filed a petition for rehearing and petition for rehearing en banc. The Petitioner contends, among other things, that the filing of a petition for a writ of certiorari in this court, seeking review of a final decision of the Supreme Court of Guam denying a post-conviction habeas corpus petition, should be counted as time spent exhausting "state" proceedings and should toll the period for filing a petition for a writ of habeas corpus in the federal district court. The issue in this appeal, however, is not whether the unique appellate review provisions that apply to Guam, *see* 48 U.S.C. § 1424–2, create "state" or "federal" exhaustion procedures, but rather, how to calculate the tolling provisions of 28 U.S.C. § 2244(d)(2). As set forth in the majority opinion, *White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir.2002), for purposes of seeking federal habeas review, the time spent in seeking certiorari review by this court from a final decision of the Supreme Court of Guam is not tolled under 28 U.S.C. § 2244(d)(2) any more than time spent in pursuit of certiorari review by the Supreme Court of the United States of a final judgment from a state supreme court is tolled where the state prisoner later seeks habeas review in a federal district court under the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 1996 U.S.C.C.A.N. (110 Stat.) 1214, 1217 (1986).

The remaining contentions in the Petitioner's petition for rehearing and petition for rehearing en banc require no discussion.

Judges Thompson and O'Scannlain have voted to deny the petition for rehearing. Judge Berzon has voted to grant that petition. Judge O'Scannlain has voted to deny the petition for rehearing en banc, and Judge Thompson has recommended denial of that petition. Judge Berzon has voted to grant the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no

judge of the court has requested a vote on that petition. Fed. R.App. P. 35(b).

The petition for rehearing and the petition for rehearing en banc are, therefore, DENIED.

BERZON, Circuit Judge, dissenting:

I respectfully dissent from this Order. Even on the theory relied upon by the majority in its opinion in this case, it decidedly does matter under 28 U.S.C. § 2244(d)(2)"whether the unique appellate review provisions that apply to Guam, *see* 48 U.S.C. § 1424–2, create 'state' or 'federal' exhaustion procedures."

Section 2244(d)(2) tolls the limitations period while "a properly filed application for State post-conviction or other collateral review is pending." I continue to believe, as stated in my dissent from the majority opinion, that an application filed in state court is still pending while on a petition for certiorari, whether in this court or the United States Supreme Court. But, even if one does not agree with this premise, it is beyond dispute that the statute tolls the limitations period while *state* proceedings are still ongoing. So, if the unique procedures applicable to Guam make the certiorari proceedings in this court analogous to state proceedings rather than analogous to United States Supreme Court certiorari proceedings—an issue on which I express no view, as we have had no briefing on the issue—then one would expect that time expended in pursuing Ninth Circuit certiorari counts within the tolling period. On that ground as well I respectfully dissent.