**Ronnie L. DUKES, Petitioner–Appellant,**

v.

**Rosie B. GARCIA, Warden, et al., Respondents–Appellees.**

No. 01–55256.
D.C. No. CV–00–01951–MMM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2002.*

Decided Dec. 13, 2002.

Before WALLACE, MCKEOWN and FISHER, Circuit Judges.

MEMORANDUM **

Ronnie L. Dukes appeals the district court's dismissal as untimely of his 28

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

U.S.C. § 2254 habeas petition challenging his conviction for first degree residential burglary, in violation of Cal. Pen.Code § 459. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Dukes contends that he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act (AEDPA) limitations period because: (1) he was denied access to the prison law library due to prison lockdowns; (2) his attorney delayed returning his trial transcripts, hindering his ability to timely file his federal habeas petition; and (3) his attorney failed to file a petition for review in the state supreme court. Dukes also contends that he is entitled to statutory tolling for the time after his state habeas petition was pending when he could have petitioned for certiorari.

We review de novo the issue of equitable tolling when the relevant facts are not in dispute. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). Equitable tolling of AEDPA is appropriate only where extraordinary circumstances beyond a prisoner's control render it impossible to timely file a petition. *Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530 (9th Cir.1998) (en banc). After reviewing the record, we conclude that Dukes is not entitled to equitable tolling.

After reviewing the record, we conclude that Dukes failed to make specific allegations in the district court, regarding the time and the extent to which his law library access was limited, when he initially responded to the government's untimeliness argument, and cannot do so now. *Cf. Whalem/Hunt v. Early,* 233 F.3d 1146 (9th Cir.2000) (remanding to allow the district court to develop the record when petitioner had not been given the opportunity to amend his petition or expand his declaration). Similarly, counsel's failure to return his trial transcripts more quickly and failure to file a petition for review in the California State Supreme Court are not "extraordinary circumstances" necessitating equitable tolling. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001) (stating that neither miscalculation of the limitations period by defense counsel nor negligence in general constitute extraordinary circumstances sufficient to warrant equitable tolling), *cert. denied,* —— U.S. ——, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2000).

Finally, Dukes is not entitled to statutory tolling for the time during which he could have filed a petition for a writ of certiorari from his state collateral proceeding. *See White v. Klitzkie,* 281 F.3d 920, 924 (9th Cir.2002) (holding that a petition for writ of certiorari to the United States Supreme Court is not an application for state review).

AFFIRMED.