John Wesley **REINKE**, Petitioner–Appellant,

v.

Terry L. **STEWART**; et al., Respondents–Appellees.

No. 02–17241.

D.C. No. CV–98–02110–JAT.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM**

John Wesley Reinke appeals the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Reinke contends that a supplemental jury instruction given by the trial court impermissibly lowered the state's burden of proof. The government contends that this court should not reach the merits of Reinke's claim because it was procedurally defaulted. Although the district court addressed the merits of Reinke's claim, we can affirm on any ground supported by the record. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir.2002).

We agree with the government and do not reach the merits of Reinke's claim because the state court applied an independent and adequate state procedural ground in ruling that the claim was procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (holding that federal review of claims is barred where those claims have been defaulted in state court pursuant to an independent and adequate state procedural rule unless the petitioner can demonstrate cause and prejudice); *accord Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir.2003); *see also Sturgis v. Goldsmith*, 796 F.2d 1103, 1106 (9th Cir. 1986) (stating that failure to comply with Arizona's contemporaneous objection rule bars litigation of the claim in federal

courts absent a showing of cause and prejudice).

**AFFIRMED.***

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*** We deem Reinke's ineffective assistance of counsel claim abandoned because he did not

argue it on appeal. *See U.S. v. Vought*, 69 F.3d 1498, 1501 (9th Cir.1995).

