**Irvin Terrell TATUM, Petitioner–Appellant,**

v.

**A. LAMARQUE, Warden, Respondent–Appellee.**

No. 02–15154.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.[*]

Decided Oct. 20, 2003.

John J. Jordan, San Francisco, CA, Irvin T. Tatum, pro se, Represa, CA, for Petitioner–Appellant.

Sharon G. Birenbaum, Esq., AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before: WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM [**]

California state prisoner, Irving Terrell Tatum, appeals the dismissal of his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a)(2).

Tatum contends that the district court erred in failing to address his equitable tolling argument. We agree. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (recognizing court's duty to read pro se habeas petitions liberally). But because Tatum fails to allege circumstances that would warrant equitable tolling, we affirm. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir.2002) (noting court can affirm on any ground supported by the record).

Tatum argues that he is entitled to equitable tolling based on (1) counsel's failure to turn over his legal files once his conviction was final, and (2) a prison lockdown, which prevented his access to the law library. However, the record indicates that Tatum had obtained his legal files, albeit at his own expense, before the Antiterrorism and Effective Death Penalty Act's statute of limitations had begun to run. Similarly, the alleged lockdown occurred while the statute of limitations was tolled due to a pending state habeas petition. *See* 28 U.S.C. § 2244(d)(2). Thus, Tatum has failed to demonstrate any circumstance under which he would be entitled to equitable tolling. *Cf. Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).[1]

**AFFIRMED.**

---

1. All pending motions are denied.
* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.