**Diane M. SHIRAKI, Plaintiff—
Appellant,**

v.

**Luana CANNELLA, individually and as
an employee of the State of Hawaii
Department of Human Services, De-
fendant—Appellee.**

No. 02–16798.
D.C. No. CV–01–00038–HG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Dec. 11, 2003.

Steven J. Kim, Lynch, Ichida, Thompson & Kim, Honolulu, HI, for Plaintiff–Appellant.

Dorothy D. Sellers, Sonia Faust, Deputy Atty. Gen., Office of the Attorney General, Honolulu, HI, Caron M. Inagaki, Department of the Attorney General, Honolulu, HI, Heidi M. Rian, Department of the Attorney General, Honolulu, HI, Marie C. Laderta, Office of the Attorney General–State of Hawaii, Honolulu, HI, for Defendant–Appellee.

Before BROWNING, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM *

Diane Shiraki appeals from a final order in her 42 U.S.C. § 1983 action against Hawaii Child Welfare Service's social worker Luana Cannella. In the district court, Mrs. Shiraki alleged three violations of her constitutional right to procedural due process arising out of Cannella's handling of her children's removal and placement. The district court applied the Supreme Court's decision in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), and granted summary judgment in favor of Cannella, holding that she was entitled to qualified immunity as to all claims. We review *de novo. Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir.1996). We can affirm the district court on any ground supported by the record. *White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir.2002).

### I.

■ Mrs. Shiraki asserts that her right to a prompt post-deprivation hearing after the emergency removal of her children was violated because Cannella never petitioned the court for review of the removal decision. Mrs. Shiraki's challenge is foreclosed by *Caldwell v. LeFaver*, 928 F.2d

331 (9th Cir.1991). Although generally when the state removes a child based on a reasonable belief that the child is in imminent danger, "[f]ederal procedural due process guarantees prompt post-deprivation judicial review," *Campbell v. Burt*, 141 F.3d 927, 929 (9th Cir.1998) (citations omitted), here Child Welfare Services placed the children with their natural father, Mark Shiraki, a joint legal custodian. This court has held that when children are placed in the care of a consenting legal custodian, the parent from whom physical custody over the child is removed has no clearly established constitutional right to a state initiated hearing. *Caldwell*, 928 F.2d at 334. We are bound by *Caldwell's* pre-*Saucier* holding, which resolves the question of whether Cannella is entitled to qualified immunity on this issue. Given the effect of this binding precedent as to whether the right was clearly established, we do not decide whether there is a constitutional right to a post-deprivation hearing under these circumstances, or the precise contours of that right.

### II.

■ Mrs. Shiraki asserts that Cannella violated state law, which afforded clear and mandatory procedural protections to parents after emergency removal proceedings and created a clearly established liberty interest protected by the Due Process Clause. First, because state law is not clear as to whether the signatures of both Mr. and Mrs. Cannella are necessary to effectuate the voluntary consent agreement, it cannot be said that Cannella, in failing to file a petition within three days of non-voluntary removal, violated a state law that was so "clear" and "mandatory" that it might give rise to a constitutional violation. *See Campbell*, 141 F.3d at 930

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(stating that under certain limited circumstances the state may create liberty interests which are protected by the Due Process Clause). Second, pursuant to court order the children were removed from Child Welfare Service custody and care and placed in the legal and physical custody of their father prior to the expiration of the six month period specified under state law for the filing of a petition with the court after voluntary removal. Because there is no clear state law violation, there can be no constitutional violation. For these reasons, Mrs. Shiraki's challenges based on alleged violations of state law giving rise to constitutional violations fail.

### III.

Mrs. Shiraki argues that her clearly established liberty interest in participating in her children's education was violated when Cannella removed her autistic child from private school and placed him in public school without her consent. Mr. Shiraki's testimony at the Department of Education Due Process Hearing creates a disputed issue of material fact as to who actually made the decision to remove the child from private school, Mr. Shiraki or, as Mrs. Shiraki contends, Cannella. Even if Cannella made the educational decision in this case, it is not clearly established that such an action would infringe upon Mrs. Shiraki's constitutional rights. Because we find that Cannella is entitled to qualified immunity, we do not decide that constitutional question here.

For the reasons set forth herein, we AFFIRM the district court's decision.