Jess P. WEST, Petitioner—Appellant,

v.

Frederick A. BROWN; et al., Respondents—Appellees.

No. 03-15867.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Submission withdrawn April 25, 2005.

Resubmitted Aug. 11, 2006.

Decided Aug. 11, 2006.

---

Jess P. West, Cocoran, CA, pro se.

John Ward, San Francisco, CA, Stephen Herndon, David A. Eldridge, Jo Graves, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents—Appellees.

Before: O'SCANNLAIN, COWEN,* and BEA, Circuit Judges.

## MEMORANDUM **

California state prisoner Jess Perry West II ("West") appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations. We have jurisdiction under 28 U.S.C. § 2253. We review *de novo* the district court's denial of West's habeas petition. *See Mendez v. Small*, 298 F.3d 1154, 1157 (9th Cir.2002). We may affirm the district court on any ground supported by the record. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir.2002). Although we disagree with the district court that West's petition was untimely, we find that West has failed to establish prejudice on his ineffective assistance of counsel claim.

West challenges his February 24, 1999, convictions following guilty pleas for murder, residential burglary, false imprisonment, unlawful firearm discharge, and possession of a firearm by a felon. West claims that under 28 U.S.C. § 2244(d)(1)(D) of the Antiterrorism and

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period for filing a federal habeas petition began September 11, 1999, the date he received a letter from his attorney enclosing a psychiatric report (the Paizis report) diagnosing him with, *inter alia*, a "major mental illness, bipolar disorder not otherwise specified." West further contends that the contents of this and other medical reports shows counsel was ineffective in not (1) investigating and informing West of a defense of diminished capacity; and (2) informing the court of the possibility West was incompetent to plead guilty.

■ We agree with West that his petition should not have been denied as untimely. The Paizis report informed West of the fact that he was professionally diagnosed with a major mental illness, thus providing a "factual predicate" for his ineffective assistance of counsel claim. *See* 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir.2001). The one-year limitations period under § 2244(d)(1)(D) is, like the other limitations periods in § 2244(d)(1), entitled to statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). We find that the entire time between May 11, 2000, when West filed a state habeas petition in the Sacramento County Superior Court, and September 29, 2001, when the California Supreme Court's denial of West's petition became final, is statutorily tolled. *See Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (a reasonable period of time between the denial of a state habeas petition and the filing of a new petition at the next rung of

the state court ladder is tolled); *Welch v. Carey*, 350 F.3d 1079, 1081 (9th Cir.2003) (en banc) ("postcard denials" count as denials on the merits); *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir.2001) (per curiam) (a denial of a habeas corpus petition by the California Supreme Court becomes final thirty days after filing).[1] Thus, West's § 2244(d)(1)(D) limitation period expired January 29, 2002, after his timely January 15, 2002, filing of a habeas petition in federal court.

■ Although West's petition was timely filed, we deny his petition on the grounds that West has failed to show prejudice from his counsel's acts. *See White*, 281 F.3d at 922. To establish ineffective assistance of counsel under the Sixth Amendment, a petitioner must demonstrate that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). West cannot establish deficient performance on the part of his trial counsel as to a diminished capacity defense because the diminished capacity defense was not available under California law at the time of his plea in 1997. Cal.Penal Code § 25(a); *see also People v. Anderson*, 28 Cal.4th 767, 122 Cal.Rptr.2d 587, 50 P.3d 368, 378 (2002) (noting that the California Legislature had "abolished the doctrine of diminished capacity").

■ West also cannot show prejudice as to his counsel's failure to inform the court of the possibility West was incompetent to plead guilty. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. California law provides that "[a] person cannot be tried or adjudged to punishment while that person is

---

1. The result we reach is dictated by the state of the law prior to January 1, 2003, when the California Rules of Court were modified so

that denials of habeas petitions by the California Supreme Court would become "final on filing." *See* Cal. R. Ct. 29.4(b)(2).

mentally incompetent. A defendant is mentally incompetent ... if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." Cal.Penal Code § 1367(a). There is no evidence in the record that any of the mental illnesses with which West has been diagnosed could have rendered him unable to understand the nature of his trial or to assist counsel in his defense. A showing of a serious mental illness by itself therefore does not establish eligibility for procedures that California makes available to persons who are mentally incompetent, *see, e.g.,* Cal.Penal Code § 1370(a)(1)(B) (providing for suspension of a trial or judgment until a person becomes mentally competent). *See People v. Blair,* 36 Cal.4th 686, 31 Cal. Rptr.3d 485, 115 P.3d 1145, 1162 (2005) (noting that "even a history of serious mental illness does not necessarily constitute substantial evidence of incompetence that would require a court to declare a doubt concerning a defendant's competence and to conduct a hearing on that issue").

West's allegation of ineffective assistance is unsupported by a statement of specific facts that would allow us to grant relief. *See James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994). Moreover, a habeas petitioner seeking an evidentiary hearing must allege actual facts which, if proven, would entitle him to relief. *See Karis v. Calderon,* 283 F.3d 1117, 1126–27 (9th Cir.2002). Because we do not find any allegations, much less evidence, in the record that West was in fact unable to understand the nature of his murder trial or to assist counsel in his defense, we find that the

district court's denial of his petition must be affirmed.

**AFFIRMED**