**Robert James FAIRWEATHER, Petitioner—Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Director, California Department of Corrections, Respondent—Appellee.**

No. 05–17045.

United States Court of Appeals, Ninth Circuit.

Argued June 16, 2006.

Submission withdrawn June 16, 2006.

Resubmitted March 29, 2007.

Filed March 30, 2007.

David M. Porter, Esq., FPDCA–Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Stanley A. Cross, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, HUG, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Robert James Fairweather pled guilty in a California state court to one count of first degree murder and was sentenced to life in prison without the possibility of parole. Roughly seven and one-half years after his conviction became final, Fair-

weather filed this petition pursuant to 28 U.S.C. § 2254. It was dismissed and he appeals.

The Anti–Terrorism and Effective Death Penalty Act ("AEDPA") creates a one-year statute of limitations in which a federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). After making findings with respect to the date Fairweather learned the factual predicate supporting his federal habeas corpus petition, as well as making findings regarding statutory tolling, the district court dismissed Fairweather's petition as untimely. The district court's factual findings in this case were not clearly erroneous. The finding with respect to the date Fairweather learned the factual predicate underlying his federal habeas petition is supported by claims Fairweather made in his habeas petition.

Fairweather's only claim of error with respect to the district court's statutory tolling finding is precluded by our existing precedent. Section 2244(d)(2) of title 28 tolls the one-year statute of limitations period while properly filed *state* post-conviction petitions for relief are pending. Citing to § 2244(d)(2), Fairweather argues that the one-year statute of limitations should have been tolled for an additional ninety days following the California Supreme Court's denial of his final state post-conviction petition because that is how long he had to file a petition for certiorari with the United States Supreme Court. Fairweather's argument, however, is incorrect because "[a] petition for a writ of certiorari to the United States Supreme Court is simply not an application for *state* review." *White v. Klitzkie,* 281 F.3d 920, 924 (9th Cir.2002) (emphasis added). Thus, "the filing of a petition for certiorari

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

before this Court does not toll the statute of limitations under § 2244(d)(2)." *Lawrence v. Florida*, —— U.S. ——, 127. S.Ct. 1079, 1086, —— L.Ed.2d —— (2007).

Furthermore, the district court generously assumed (without finding) that equitable tolling applied to large portions of time that likely should have been counted against the one-year statute of limitations period. The district court's generosity notwithstanding, Fairweather's federal habeas petition was thirty-seven days late. Thus, the district court did not err in dismissing the petition as untimely.

**AFFIRMED.**