**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7067**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

SAUL LOPEZ VELASCU,

          Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (7:08-cr-00110-BO-1; 7:10-cv-00023-BO)

Submitted: April 25, 2011        Decided: May 18, 2011

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Saul Lopez Velascu, Appellant Pro Se. Joshua Bryan Royster, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saul Lopez Velascu seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion. We granted a certificate of appealability on Velascu's claim that counsel was ineffective in failing to note an appeal, as directed.

Velascu pleaded guilty to one count of conspiracy to distribute cocaine, one count of possession with intent to distribute cocaine, and one count of possession of firearms by an illegal alien. He did not appeal. In his § 2255 motion, Velascu claimed that he asked his counsel to file a notice of appeal, and that his attorney agreed to do so. Although Velascu indicated in an "Acknowledgment of Appellate Rights and Election Regarding Appeal" that he did not wish to file an appeal, Velascu claims that his counsel informed him he needed to sign that document in order for the appeal to go forward and that he did so because he could not speak or understand English.

In United States v. Peak, 992 F.2d 39, 41 (4th Cir. 1993), this court held that the Sixth Amendment obligates counsel to file an appeal when her client requests her to do so. Failure to note an appeal upon timely request constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. Id. at 42. Counsel who consults with the defendant and fails to follow the defendant's

2

express instructions to appeal performs in a professionally unreasonable manner. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing in open court mandatory. 28 U.S.C. § 2255(b); United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Here, Velascu's claim that counsel failed to file a notice of appeal when requested to do so, if believed, states a colorable Sixth Amendment claim. Velascu swore under penalty of perjury that he expressed his desire to appeal and that counsel directed him to sign the acknowledgment in order to do so. This statement directly contradicts counsel's sworn statement that she informed Velascu, through an interpreter, of his right to file an appeal and he elected not to exercise that right.[*]

Because resolution of competing versions of events, both made under oath, lies in the first instance within the province of the district court, we vacate the district court's order and remand for determination of whether Velascu received

---

[*] Counsel's affidavit was submitted by the Government as an exhibit to a pleading filed in this court. Accordingly, the district court did not have an opportunity to assess it in proceedings prior to the present appeal.

ineffective assistance of counsel, in light of the conflicting affidavits. Raines, 423 F.2d at 530 ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                           VACATED AND REMANDED

4