**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JARMAAL SMITH, | No. 10-16721 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02004-AK |
| v. | |
| GREG LEWIS, Warden; ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Alex Kozinski, Chief Circuit Judge, Presiding[**]

Submitted July 24, 2013[***]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Alex Kozinski, Chief Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

California state prisoner Jarmaal Smith appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The district court concluded that Smith's juror misconduct claim was procedurally barred and that his ineffective assistance of counsel claims were unexhausted. We decline to review the district court's procedural rulings and instead affirm the denial of habeas relief because Smith's claims fail on the merits. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir. 2002) (court can affirm on any ground supported by the record even if the issue is not included in the certificate of appealability).

Although the parties' briefs address the merits of Smith's claims, they do not discuss whether this court must accord AEDPA deference to the superior court's decisions denying Smith's state habeas petitions. We need not resolve that issue because Smith's claims fail even on de novo review. *See Berghuis v. Thompkins*, 130 S. Ct. 2250, 2264 (2010) (when a state court's decision is correct under de novo review it is necessarily reasonable under AEDPA's more deferential standard of review).

As to the juror misconduct claim, Smith's claim fails because the evidence supporting it was inadmissible evidence of a juror's "subjective 'mental processes.'" *Estrada v. Scribner*, 512 F.3d 1227, 1237 (9th Cir. 2008).

Smith contends that his counsel was ineffective because he instructed Smith to write letters asking friends and relatives to commit perjury. However, the self-serving evidence Smith presents in support of this claim is contradictory and inconsistent with his presumptively truthful trial testimony that inmates advised him to ask witnesses to lie for him. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). On this record, Smith has not shown that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Smith next argues that his counsel should not have elicited testimony that Smith was on probation at the time of the offense. Even assuming counsel's performance was deficient, in light of the overwhelming evidence of Smith's guilt, Smith has not demonstrated that but for counsel's error, the result of the proceeding would have been different. *See id*.

All pending motions are denied.

**AFFIRMED.**