**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. ANTHONY JAMES HILL, *Defendant-Appellant.* | No. 17-35719 D.C. Nos. 3:16-cv-01241-MO 3:12-cr-00276-MO-1 OPINION |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted November 7, 2018
Portland, Oregon

Filed February 7, 2019

Before: Ferdinand F. Fernandez and Sandra S. Ikuta,
Circuit Judges, and William K. Sessions III,[*] District
Judge.

Opinion by Judge Ikuta

---

[*] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

## SUMMARY[**]

### 28 U.S.C. § 2255

The panel affirmed the district court's denial of Anthony James Hill's motion to vacate his sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Hill claimed that *Johnson* established that he was ineligible for a sentencing enhancement under the Armed Career Criminal Act; and that but for alleged misinformation that he was eligible for such an enhancement, he might not have entered a plea agreement stating that he should be sentenced to between 57 and 71 months imprisonment, and the district court, in turn, might have imposed a different sentence.

The panel rejected Hill's argument because he failed to show that the alleged misinformation about his ACCA eligibility was "demonstrably made the basis for the sentence." The panel wrote that Hill's potential eligibility for an ACCA enhancement was not before the sentencing court, and Hill's personal concerns and motivation for entering into the plea agreement do not suffice to establish that the district court made an error of constitutional magnitude.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Stephen R. Sady (argued), Chief Deputy Federal Public Defender; Elizabeth G. Daily, Assistant Federal Public Defender; Office of the Federal Public Defender, Portland, Oregon; for Defendant-Appellant.

Suzanne B. Miles (argued), Assistant United States Attorney; Kelly A. Zusman, Appellate Chief; Billy J. Williams, United States Attorney; United States Attorney's Office, Portland, Oregon; for Plaintiff-Appellee.

## OPINION

IKUTA, Circuit Judge:

Anthony James Hill appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which (he claims) established that he was ineligible for a sentencing enhancement under the Armed Career Criminal Act (ACCA). But for the alleged misinformation that Hill was eligible for such a sentencing enhancement, Hill contends, he might not have entered a plea agreement stating that he should be sentenced to between 57 and 71 months imprisonment, and the district court, in turn, might have imposed a different sentence. We reject this argument, because Hill has failed to show that the alleged misinformation about his ACCA eligibility was "demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009) (quoting *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984)). The record establishes that Hill's potential

eligibility for an ACCA enhancement was not before the sentencing court, and Hill's personal concerns and motivation for entering into the plea agreement do not suffice to establish that the district court made an error of constitutional magnitude. Therefore, we affirm.

I

In February 2012, Hill pointed a firearm at a woman during a drunken argument and fled before the police could arrive. After being arrested during a traffic stop a few months later, Hill was subject to a one-count indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment also alleged that Hill committed this offense after having previously been convicted of five felonies under Oregon law, in violation of 18 U.S.C. § 924(e)(1). Section 924(e)(1) is part of ACCA, and increases a defendant's prison term to a minimum of 15 years if a defendant who violates § 922(g) has three previous convictions for "a violent felony or serious drug offense." 18 U.S.C. § 924(e)(1). ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that— . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This portion of the definition of "violent felony" is referred to as ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56.

A

After Hill was indicted, his counsel emailed the prosecuting attorney to discuss a plea agreement. In the email, Hill's counsel tried to persuade the prosecutor that "this is the type of case that can plea without ACC[A]."

Hill's counsel stated he had sought the police reports for the prior offenses listed in the indictment, and according to the counsel, "the crimes are fairly stale.  The last one was from 2001, two of the records from 1987 and 1989 have been destroyed, and [the Portland Police Department] could not provide one from 1992."  Morever, Hill's counsel argued: "Unlike many ACC[A] predicates I've encountered, none of the cases involve the use of weapons and those that involve threat or intimidation are comical.  In one case [Hill] tried to rob a store with his finger and in another the clerk was not intimidated at all."  Counsel went on to present background information that he believed mitigated Hill's criminal record. Accordingly, Hill's counsel requested that the prosecutor "dismiss the ACC[A] and allow Mr. Hill to plea to a 57 month sentence."

The prosecutor's response to this email is not in the record, but the parties agreed to a plea agreement which stated: "[p]ursuant to plea negotiations, the parties have agreed that the defendant will be permitted to plead guilty to the charge of being a felon in possession of a firearm without the Armed Career Criminal enhancement."  Accordingly, "[a]t the time of the change of plea hearing, the government will ask the Court to strike the 'Armed Career Criminal' penalty provision (§ 924(e)) in Count 1."  The section of the plea agreement entitled "Sentencing Recommendation after applying 3553(a) Factors" stated that, after considering those factors and the advisory sentencing guideline range, "the parties agree that the defendant should be sentenced to between 57 and 71 months imprisonment, to be followed by 3 years of supervised release."  It further stated that "[t]he government believes, based upon the mitigation materials you have provided, that a non-Armed Career Criminal sentence is appropriate," but, "based upon the defendant's lengthy

criminal history and the nature of this incident," the government nevertheless believed that "a 71 month sentence of imprisonment is warranted." Hill was "free to seek a sentence of no less than 57 months imprisonment." Finally, the agreement specified that it was made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, meaning that the Court was not bound to follow the parties' recommended sentencing range. Fed. R. Crim. P. 11(c)(1)(B).

In the pre-sentence report (PSR), the U.S. Probation Office calculated that Hill had a total offense level of 21, a criminal history category of VI, and a resulting advisory guideline range of 77–96 months' imprisonment. The parties agreed as to all of those conclusions. The PSR recommended a sentence of 77 months' imprisonment, which was "within, but at the low end of the advisory guideline range, followed by a 3-year term of supervised release," given Hill's "significant criminal history involving firearms, violence, and a disregard for lawful court orders." In describing the offense conduct, the PSR noted that "[t]he Indictment initially charged [Hill] under the Armed Career Criminal Statute, 18 U.S.C. § 924(e)(1); however, as part of plea negotiations, that enhancement was stricken at the time the defendant entered his plea."

B

The district court conducted Hill's sentencing hearing in May 2013. The prosecutor argued in favor of a 71-month sentence. He noted Hill's criminal history and stated that "while some of it is very old, and that was the reason the Government sort of removed the armed career criminal

enhancement from the table, it doesn't disappear. It's still out there."

The district court accepted Hill's guilty plea. In providing Hill with its reasons for the sentence, the court reviewed Hill's criminal history, "which [was] very serious and lengthy," along with "the very serious nature of th[e] offense, and then the good parts of [Hill's] life and character" and his "psychological issues," including his problem with alcohol. The court accepted the PSR's calculation of the advisory sentencing guidelines range, and noted that if it "were to follow the presentence report, the low end of [Hill's] range would be 77 up to 96 months." Instead, the court "tried to consider various factors under Section 3553(a) to fashion a fair and just sentence here under [Hill's] individual circumstances." It therefore decided to impose the below-guidelines sentence of 67 months, which was within the 57-to 71-month range recommended by the parties.

After the court announced the sentence, it asked whether there were other pending charges requiring dismissal or other resolution. The prosecutor stated that there were none, and continued: "It's my understanding that when [Hill] entered his change of plea, it was at that time that the Court struck the armed career criminal enhancement, so there are no other charges to be dismissed."

Other than the prosecutor's brief references to the ACCA enhancement as being inapplicable to Hill, as noted above, there was no discussion of ACCA at the sentencing hearing. The court did not mention ACCA in its Statement of Reasons; rather, it indicated that a downward variance was appropriate given Hill's "psychological issues."

Judgment was entered on June 1, 2013. Because Hill did not file a direct appeal, that judgment became final on June 15, 2013. *See* Fed. R. App. P. 4(b)(1)(A).

C

In June 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court addressed ACCA's residual clause; that is, its definition of "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Because that language left "grave uncertainty" about both "how to estimate the risk posed by a crime" and "how much risk it takes for a crime to qualify as a violent felony," it created "more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson*, 135 S. Ct. at 2557–58. Accordingly, *Johnson* invalidated ACCA's residual clause as unconstitutionally vague and held that any sentence imposed under that clause was likewise invalid. *Id.* In a subsequent case, the Court held that *Johnson*'s new rule applied retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016).

D

Within one year after *Johnson*, Hill filed a motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, Hill argued that *Johnson* affected the calculation of his Guidelines range. Specifically, an applicable section of the Guidelines, U.S.S.G. § 4B1.2, defined "crime of violence" using the same language that the Court invalidated in *Johnson*. Hill argued that his sentence was unconstitutional to the extent it was affected by this unconstitutionally vague

language. This argument was quickly foreclosed by the Supreme Court's subsequent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Id.* at 890.

After *Beckles* was decided, Hill regrouped and filed a supplemental memorandum. In this memorandum, Hill argued that as a result of *Johnson*, he was not subject to the 15-year mandatory minimum ACCA sentence because his prior Oregon convictions did not qualify as violent felonies without reliance on the unconstitutional residual clause. His plea agreement and sentence were tainted, Hill contends, because the potential for receiving ACCA's 15-year mandatory minimum enhancement was a key reason he agreed to the sentencing range in the plea agreement, and the plea agreement, in turn, influenced the sentencing judge. Because Hill's sentencing process was impacted by an unconstitutionally vague law, Hill argues, the court should vacate his sentence as unconstitutional and remand for resentencing. Hill has not sought vacatur of his plea agreement.

On July 25, 2017, the court denied Hill's § 2255 motion in a minute order without explanation. On October 25, 2017, it entered an additional minute order granting a certificate of appealability on the issue of "whether Mr. Hill's sentence violated his constitutional rights under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the Armed Career Criminal Act's mandatory minimums influenced his plea negotiations."

In July 2017, Hill completed his 67-month prison sentence. He is presently serving his three-year term of supervised release.

II

The district court had jurisdiction over Hill's motion under 28 U.S.C. § 2255. We have jurisdiction of Hill's timely appeal of the denial of his motion under 28 U.S.C. §§ 1291 and 2253(a). We review de novo the district court's denial of Hill's § 2255 motion. *See United States v. Jones*, 877 F.3d 884, 886 (9th Cir. 2017) (per curiam).[1]

A

"Section 2255 is a substitute for habeas corpus relief for federal prisoners." *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc). It allows a federal prisoner to file a motion to "vacate, set aside or correct" the prisoner's conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Fifth Amendment guarantee of due process is violated when a court, in sentencing a defendant, relies on information that is

---

[1] Because the government does not distinctly argue that Hill's claim is untimely under the one-year statute of limitations in 28 U.S.C. § 2255(f), it has waived this argument and we do not address it. *See Day v. McDonough*, 547 U.S. 198, 206, 209 (2006) (holding that the analogous one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) for habeas petitions brought by state prisoners is not jurisdictional so need not be considered sua sponte); *see also Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (holding that a party waives an argument on appeal by failing to raise it distinctly).

materially false or unreliable. *See Vanderwerfhorst*, 576 F.3d at 935–36; *see also Townsend v. Burke*, 334 U.S. 736, 741 (1948) (holding that the Due Process Clause is violated when a pro se criminal defendant "was sentenced on the basis of assumptions concerning his criminal record which were materially untrue").

To succeed on a claim that a district court violated the Due Process Clause by imposing a "sentence founded at least in part upon misinformation of constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447 (1972), a defendant "must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence," *Vanderwerfhorst*, 576 F.3d at 935–36 (quoting *Ibarra*, 737 F.2d at 827). To satisfy the first factor, the challenged information must be "objectively ascertainable error," *United States v. Addonizio*, 442 U.S. 178, 187 (1979); that is, an error "that does not require courts to probe the mind of the sentencing judge," *United States v. Eakman*, 378 F.3d 294, 301 (3d Cir. 2004). For the second factor, the court must have "made it abundantly clear that (the challenged information) was the basis for its sentence." *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir. 1978) (internal quotation marks omitted); *see also id.* ("In the context of a § 2255 proceeding, a motion must be denied unless it affirmatively appears in the record that the court [b]ased its sentence on improper information."). Even a district court's reference to challenged information (for example, noting that allegations of misconduct "continue to 'swirl around'" the defendant) is not enough to satisfy this second factor; such a passing reference is "readily distinguishable from sentencing [the defendant] based on an assumption that he in fact committed the predicate acts." *Vanderwerfhorst*, 576 F.3d at 936.

Once a movant has established these factors, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). After such a hearing, the movant is entitled to relief if the sentence "might have been different if the sentencing judge had" not relied on that information. *Tucker*, 404 U.S. at 448.

B

On appeal, Hill reiterates his argument that the court should have granted his § 2255 motion because his sentence was tainted by his eligibility for receiving an unlawful ACCA sentence. In order to succeed on this claim, Hill must first establish that the district court imposed a sentence founded on misinformation of a constitutional magnitude, meaning that it relied on information that is (1) false or unreliable, and (2) demonstrably made the basis for the sentence. *See Vanderwerfhorst*, 576 F.3d at 935–36.

The challenged information in this case, Hill claims, is the misinformation that Hill was eligible for an ACCA 15-year minimum sentence. Hill argues that his prior Oregon convictions do not qualify as violent felonies now that the residual clause has been struck down by *Johnson*, and therefore he was not eligible for an ACCA enhancement.

We need not resolve whether this information was false or unreliable, however, because even assuming Hill is correct, he has not shown that such information was demonstrably made the basis for his sentence. *See Vanderwerfhorst*,

576 F.3d at 935–36.  Although Hill's indictment included an ACCA charge, there is no dispute that the charge was dismissed when Hill entered his change of plea. The PSR noted that the ACCA charge had been stricken, as did the prosecutor at sentencing.  Even the plea agreement was not expressly based on the potential for an ACCA enhancement; to the contrary, it stated that, based on mitigation materials provided by Hill's counsel, a "non-Armed Career Criminal sentence is appropriate."  Accordingly, no ACCA-related enhancement was before the district court at sentencing.

During the sentencing hearing, Hill concedes, "the sentencing court did not reference the ACCA when it imposed sentence."  Rather, the court discussed Hill's criminal history, alcoholism, psychological issues, and other factors.  Further, rather than impose an enhanced sentence, the court imposed a below-Guidelines sentence that was within the sentencing range set forth in the plea agreement. In fact, there is no evidence that the court even considered whether Hill was eligible for an ACCA enhancement, let alone that the court made it the basis for Hill's sentence.

Hill argues that there is nevertheless an indirect relationship between his supposed eligibility for an ACCA enhancement and the court's sentence.  According to Hill, the potential for a 15-year mandatory ACCA sentence was a looming presence in his plea negotiations, and affected the sentencing range set forth in the plea agreement. Because the district court considered the sentencing range in the plea agreement, Hill argues, the court was indirectly affected by the background presence of ACCA eligibility. This argument fails. A defendant must show that the challenged information was "demonstrably made the basis for the sentence"; even evidence that the district court mentioned the challenged

information in passing may not suffice. *Vanderwerfhorst*, 576 F.3d at 935–36. Given that Hill has provided no evidence that the threat of an ACCA charge played a role in the district court's formulation of the sentence, he fails to meet the standard here.

Because Hill has not established that the challenged information was the basis of the court's sentence, we reject Hill's claim that his due process rights were violated, and conclude he is not entitled to a hearing on that claim.

**AFFIRMED.**