**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15778 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-01388-JCM |
| v. | 2:12-cr-00217-JCM-GWF-1 |
| JUDEL ESPINOZA-GONZALEZ, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Judel Espinoza-Gonzalez appeals from the district court's order denying his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  We have

jurisdiction under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v. Hill*,

915 F.3d 669, 673 (9th Cir. 2019), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Espinoza-Gonzalez contends that his conviction and sentence for brandishing a firearm under 18 U.S.C. § 924(c) must be vacated because Hobbs Act robbery, committed as a principal or an aider-and-abettor, is not a qualifying predicate offense. We need not address this contention because we agree with the government that it is waived by the valid collateral attack waiver in Espinoza-Gonzalez's plea agreement. Espinoza-Gonzalez maintains that, under *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016), the appeal waiver does not apply because his sentence is illegal. However, the "illegal sentence" exception does not apply where, as here, the challenge is to the validity of a conviction. *See United States v. Goodall*, 21 F.4th 555, 562-65 (9th Cir. 2021) (declining to extend the illegal *sentence* exception to appellate waivers to challenges to illegal *convictions*). Because the collateral attack waiver forecloses § 2255 relief, we affirm the denial of Espinoza-Gonzalez's motion. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir. 2002) ("[W]e can affirm the district court on any ground supported by the record.").

**AFFIRMED.**