**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-16145 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:16-cv-01376-JCM |
| | 2:11-cr-00091-JCM-CWH-1 |
| RAYMOND JUAREZ, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Raymond Juarez appeals from the district court's order denying his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  We have

jurisdiction under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v. Hill*,

915 F.3d 669, 673 (9th Cir. 2019), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Juarez contends that his conviction and sentence for violating 18 U.S.C. § 924(c) must be vacated because Hobbs Act robbery based on an aiding and abetting theory of liability is not a qualifying predicate crime of violence. We need not address this argument because we agree with the government that Juarez's § 2255 motion is barred by the collateral attack waiver in his plea agreement. Juarez contends that the waiver is not enforceable because his challenge to his § 924(c) conviction and sentence falls within the illegal sentence exception recognized in *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). However, this exception does not apply where, as in this case, the contention is that the *conviction* is illegal. *See United States v. Goodall*, 21 F.4th 555, 562-65 (9th Cir. 2021) (holding that the illegal *sentence* exception to appellate waivers does not apply to challenges to illegal *convictions*). Because the collateral attack waiver forecloses § 2255 relief, we affirm the denial of Juarez's motion. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir. 2002) ("[W]e can affirm the district court on any ground supported by the record.").

We treat Juarez's additional argument as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**

18-16145