**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAR 23 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-16151 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:16-cv-01343-JCM<br>2:11-cr-00091-JCM-CWH-2 |
| JOSE FIGUEROA, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Jose Figueroa appeals from the district court's order denying his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence.  We have jurisdiction

under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v. Hill*, 915 F.3d

669, 673 (9th Cir. 2019), we affirm.

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Figueroa contends that his conviction and sentence under 18 U.S.C. § 924(c) must be vacated because aiding and abetting Hobbs Act robbery is not a qualifying predicate crime of violence. We need not reach this argument because we agree with the government that Figueroa's claim is barred by the collateral attack waiver in his plea agreement. Figueroa argues that the waiver is not enforceable because his attack on his § 924(c) conviction and sentence falls within the illegal sentence exception recognized in *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). However, this exception does not apply where, as in this case, the challenge is to a purportedly illegal *conviction*. *See United States v. Goodall*, 21 F.4th 555, 562-65 (9th Cir. 2021) (holding that the illegal *sentence* exception to appellate waivers does not apply to challenges to illegal *convictions*). Because the collateral attack waiver forecloses § 2255 relief, we affirm the denial of Figueroa's motion. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir. 2002) ("[W]e can affirm the district court on any ground supported by the record.").

**AFFIRMED.**