**NOT FOR PUBLICATION**

**FILED**

MAR 23 2022

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-15708 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-01440-LDG 2:12-cr-00216-LDG-VCF-3 |
| v. | |
| JORGE ROJO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted March 16, 2022**

Before:     SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Jorge Rojo appeals from the district court's judgment denying his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence.  We have jurisdiction

under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v. Hill*, 915 F.3d

669, 673 (9th Cir. 2019), we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rojo contends that his conviction and sentence under 18 U.S.C. § 924(c) must be vacated because aiding and abetting Hobbs Act robbery is not a qualifying predicate crime of violence. We need not reach this argument because we agree with the government that Rojo's claim is barred by the collateral attack waiver in his plea agreement. Rojo argues that the waiver is not enforceable because his attack on his § 924(c) conviction and sentence falls within the illegal sentence exception discussed in *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). However, this exception does not apply where, as in this case, the challenge is to a purportedly illegal *conviction*. *See United States v. Goodall*, 21 F.4th 555, 562-65 (9th Cir. 2021) (holding that the illegal *sentence* exception to appellate waivers does not apply to challenges to illegal *convictions*). Because the collateral attack waiver forecloses § 2255 relief, we affirm the denial of Rojo's motion. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir. 2002) ("[W]e can affirm the district court on any ground supported by the record.").

**AFFIRMED.**