**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16187 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:16-cv-01449-JAD<br>2:10-cr-00525-JAD-PAL-1 |
| FRANK PHILLIP GOLDSTEIN, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted March 16, 2022**

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

The stay of this action, entered on July 27, 2021, is lifted.

Frank Phillip Goldstein appeals from the district court's order denying his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We have

jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Hill*,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

915 F.3d 669, 673 (9th Cir. 2019), we affirm.

Goldstein contends that his conviction and sentence under 18 U.S.C. § 924(c) must be vacated because Hobbs Act robbery is not a qualifying predicate crime of violence. We need not address this argument because we agree with the government that Goldstein's claim is barred by the collateral attack waiver in his plea agreement. Goldstein contends that the waiver is not enforceable because his attack on his § 924(c) conviction and sentence falls within the exception for challenges to purportedly illegal sentences discussed in *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). However, this exception does not apply where, as in this case, the challenge is to a purportedly illegal *conviction*. *See United States v. Goodall*, 21 F.4th 555, 562-65 (9th Cir. 2021) (holding that the illegal *sentence* exception to appellate waivers does not apply to challenges to illegal *convictions*). Because the collateral attack waiver forecloses § 2255 relief, we affirm the denial of Goldstein's motion. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir. 2002) ("[W]e can affirm the district court on any ground supported by the record.").

**AFFIRMED.**