NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-35364 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00181-WFN-14 |
| v. | |
| AMADOR SANCHEZ MENDOZA, AKA Amador Sanchez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted April 14, 2023
Seattle, Washington

Before: McKEOWN and DESAI, Circuit Judges, and SILVER,** District Judge.

Amador Sanchez Mendoza appeals the district court's denial of his motion

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing

that under *United States v. Tucker*, 404 U.S. 443 (1972), the sentencing judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

improperly considered prior convictions for violations of a state drug possession statute that was later ruled unconstitutional by *State v. Blake*, 481 P.3d 521 (Wash. 2021). The district court denied the motion but granted a certificate of appealability. Mendoza appealed, and we have jurisdiction under 28 U.S.C. §§ 1291, 2253(a), and 2255(d). We review the denial of a § 2255 motion de novo and affirm.

To succeed on his due process claim, Mendoza must, in part, establish the invalidated convictions were "demonstrably made the basis for the sentence." *United States v. Hill*, 915 F.3d 669, 674 (9th Cir. 2019) (quoting *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009)). To meet this test, the sentencing court must have "made it abundantly clear that [the challenged information] was the basis for its sentence." *Id.* (quoting *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir. 1978) (en banc)). Merely referencing or mentioning the challenged information is not enough. *Id.* at 675.

In denying Mendoza's § 2255 motion, the district court judge, who was also the sentencing judge, specifically stated he "did not enhance Mr. Mendoza's sentence based on the simple possession convictions, nor did the Court rely on those convictions to determine the proper sentence within the parties' agreed range." "Once the § 2255 judge makes a finding of no enhancement based on his own recollection, this may not normally be overridden . . . [and] the judge's own

estimation of the deleterious impact of the prior convictions on his determination of sentence will not be reversed absent clearly contradictory evidence in the record." *Farrow*, 580 F.2d at 1355 (internal quotation marks and citations omitted).

The evidence does not clearly contradict the district court's conclusion that the simple possession convictions did not enhance Mendoza's sentence. Mendoza qualified as a career offender, and thus fell into Criminal History Category VI under the guidelines, even without the three invalidated convictions. *Cf. Tucker*, 404 U.S. at 448 (the "real question" is "whether the sentence . . . might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained"). The sentencing judge mentioned those invalidated convictions only within the context of explaining why a particular sentencing enhancement would not be applied. Moreover, the sentencing judge made clear the sentence was based on Mendoza's "danger to this society," his lengthy criminal history, and the likelihood of recidivism. The fact that the sentencing judge mentioned two of the three invalidated convictions in the colloquy is not enough. *Hill*, 915 F.3d at 675.

The evidence does not clearly contradict the district court's conclusion that Mendoza's invalidated convictions were not "demonstrably made the basis" of his sentence. *Id.* at 674.

**AFFIRMED**.

3