NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>JESSE LEE HOPKINS,<br><br>    Defendant - Appellant. | No. 25-1220<br><br>D.C. No.<br>1:22-cr-00108-SPW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 12, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jesse Lee Hopkins appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and of his motion for compassionate release under 18 U.S.C. § 3582(c).[1]

We review the denial of a motion under 28 U.S.C. § 2255 de novo. *United States v. Hill*, 915 F.3d 669, 673 (9th Cir. 2019). We review the denial of a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

1.      Hopkins argues that his trial counsel provided ineffective assistance at sentencing in connection with the district court's determination that his prior robbery conviction under Montana law qualified as a crime of violence. Before sentencing, Hopkins's counsel argued that his robbery conviction was not a crime of violence because the statute was overbroad. This argument was not objectively unreasonable at the time of counsel's conduct. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Counsel was not ineffective for failing to raise the other arguments Hopkins now advances because they would have been futile "as of the time of counsel's conduct." *Id.* At the time of sentencing, the district judge presiding over

---

[1] Hopkins now concedes that in light of *United States v. King*, 257 F.3d 1013 (9th Cir. 2001), "the district court did not err" in denying his pro se motion to withdraw his guilty plea. Accordingly, we do not reach this issue.

Hopkins's sentencing and another judge in the District of Montana had rejected the argument that "bodily injury," as relevant to Montana's robbery statute, could be committed without physical force. *See United States v. Castro*, No. 1:21-CR-00059-SPW, Dkt. 52 (D. Mont. Apr. 21, 2022) (sentencing transcript); *United States v. DeFrance*, 577 F. Supp. 3d 1085, 1093–99 (D. Mont. 2021). Although we subsequently held that a conviction under Montana's partner or family member assault statute is categorically not a crime of violence, *see United States v. Castro*, 71 F.4th 735, 736–37 (9th Cir. 2023), a lawyer is not deficient for failing "to anticipate [the court's] decision in [a] later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct.'" *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). Hopkins's reliance on *Stokeling v. United States*, 586 U.S. 73 (2019), is also unavailing because the state of the law at the time of sentencing was that a violation of the Montana statute required the use of physical force.

2.     Hopkins contends that the district court erred in denying his motion for compassionate release because his medical and mental health conditions constitute an extraordinary and compelling reason for reducing his sentence. We need not address the district court's determination that Hopkins lacked extraordinary and compelling circumstances because Hopkins has not shown any

abuse of discretion in the district court's independent and dispositive conclusion that the 18 U.S.C. § 3553(a) factors did not support relief. *See United States v. Wright*, 46 F.4th 938, 948 (9th Cir. 2022) (explaining that any error in assessing extraordinary and compelling circumstances is harmless if the district court properly relies on the § 3553(a) factors as an alternate basis to deny relief). The district court reasonably weighed Hopkins's criminal history, dangerousness to the community, and the circumstances of the offense in determining that reducing Hopkins's sentence would denigrate the seriousness of the offense and undermine respect for the law. *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (explaining that a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

**AFFIRMED**.